1831.

BAGGOT
v.
HENRY.

---

BAGGOT and another vs. HENRY and another.

---

Material and necessary matter must be explicitly met in an answer; but exceptions, founded upon verbal criticism, slight defect and omission of immaterial matter, will be invariably disallowed and treated as vexatious.

---

In the course of the Vice-Chancellor's opinion in this case, relative to exceptions which had been taken to the answer of one of the defendants, his honor made the following observations:

May, 11.
1831.

Practice.
Exceptions.

—— ——. I apprehend that masters, as well as solicitors, do not sufficiently attend to the 106th Rule of this court, which declares it to be the duty of masters always to take into consideration the relevancy or materiality of the statement or question referred to in the exception. In the present instance, the ends of justice would have been as well and perhaps better promoted, if these exceptions had never been taken, or, when taken, had been overruled. They are, however, now before me. But I wish to have it understood, that whilst, on the one hand, I shall always hold a defendant to a full, frank, and explicit disclosure of all matters material or necessary to be answered, whether resting within his own knowledge or upon his information and belief: so, on the other hand, I mean, as far as lies in my power, to discourage the taking of those exceptions which

are founded upon mere verbal criticism, slight defect, or omis-
sion in matter not material to the cause, and where it is evident
the defendant can have no design or intention to suppress the
truth or evade a full and fair enquiry.   And whenever excep-
tions of the latter character are brought before me, I shall not
hesitate to overrule them; and impose the payment of all such
costs as a litigious and vexatious proceeding deserves.   I do
not make these remarks with reference to the present matter,
in particular; but there are several cases before me, partaking
more or less, of the character above described: and I have
thought it my duty at once to lay down a rule by which I mean
to be governed, in regard to all exceptions for insufficiency which
may hereafter be brought under my notice.