## Case No. 3,563.

### DANIEL v. MITCHELL.

[1 Story, 198.] [1]

Circuit Court, D. Maine. May Term, 1840.

EQUITY—REHEARINGS AFTER DECREE—NEWLY-DISCOVERED EVIDENCE—CONFESSIONS—DISCRETION OF COURT.

1. Rehearings in equity after a decree are not a matter of right, but rest in the sound discretion of the court.

[Cited in Doggett v. Emerson, Case No. 3,961; Steines v. Franklin Co., 14 Wall. (81 U. S.) 22; Reeves v. Keystone Bridge Co., Case

[1] [Reported by William W. Story, Esq.]

No. 11,661; American Diamond Rock Boring Co. v. Sheldon, 1 Fed. 870; Bentley v. Phelps, Case No. 1,332.]

2. Where a rehearing is applied for upon the ground of newly discovered evidence, the application is mainly governed by the same considerations as apply to cases, where leave is asked to file a supplemental bill after the publication of the testimony, taken on a cause, and before the hearing, in order to bring newly discovered evidence before the court; or where leave is asked, after a decree, to file a bill of review upon the ground of the like evidence.

3. Quere, whether the court will grant any such application after a decree, where the newly discovered evidence consists wholly of confessions made by the plaintiff since the decree, and affecting the merits of the original bill.

4. If the court will grant any such application, it will grant it only when the confessions are of the most full and direct character, and are proved by disinterested testimony, and are not susceptible of different interpretations.

5. A fortiori, the application will be more difficult to be maintained (if it can be maintained at all) where the supposed confessions made by the plaintiff are directly contradictory to the answer of the plaintiff to a cross bill filed in the same cause for the very purpose of obtaining an admission of the same facts, as the confessions purport to state, and are also contradicted by the plaintiff by his affidavit, filed upon the application for the rehearing.

After the hearing upon the original bill and the interlocutory decree therein [Case No. 3,562], and after the cross bill had been dismissed with costs, the defendants filed a petition for a rehearing of the original bill, and cross bill, and also for leave to file a supplemental bill or other proper proceedings, to bring before the court, upon the rehearing, certain confessions of the plaintiff, alleged to have been made since the hearing of the original and cross bill to the defendant, Todd, and his counsel, in which he admitted the material facts stated in the cross bill, and also one point of defence set up in the answer to the original bill, viz. that there had been a parol compromise made and assented to by the parties, pending the suit, by which it was agreed, that the original suit should be dismissed upon the plaintiff's paying the fifty per cent. of the amount of the note given for the purchase money of the land in controversy, and that the notes should be thereupon delivered up to the plaintiff. That the plaintiff accordingly paid the fifty per cent., which was accepted by the defendants, in the faith, that the suit was to be dismissed; but that the plaintiff now insisted upon pushing it to a decree, in violation of the parol agreement and compromise. The plaintiff, in his answer to the cross bill, directly and pointedly denied, that any such agreement was ever made for the dismissal of the bill; but he admitted, that he had paid fifty per cent. upon the delivering up of the notes to him by an arrangement with the holders; and he insisted, that this was done on their part solely on the ground, that they knew he meant to resist payment thereof at law, and the compromise was made for the purpose

of settling the notes, and was not intended or understood to prevent his prosecuting the original suit in this case. When the cause came on to be reheard in its regular course upon the petition for a rehearing, some discussion took place between the counsel on both sides and the court.

Fessenden & Deblois, for petitioners.
C. S. Daveis, for original plaintiff.

STORY, Circuit Justice. I am far from desiring, that the counsel on both sides should not be allowed the fullest opportunity of being heard upon the present petition. But as all the papers were sent to me some time since, without any intimation, that an argument was to be made, I supposed the papers were submitted for the consideration of the court for their decision without argument, and I accordingly devoted my attention to the examination of the subject. As there are intrinsic difficulties in the case, and the application stands upon very unusual circumstances, and the counsel seem desirous of knowing those points, to which the court would especially wish them to turn their attention at the argument, I will briefly suggest such considerations, as have occurred to my mind upon the subject.

Rehearings rest in the sound discretion of the court; and where they are petitioned for upon the ground of newly discovered evidence, they are mainly governed by the same considerations, as apply to cases, where leave is asked, after the publication of testimony, and before the hearing, to file a supplemental bill, in order to bring such new evidence before the court; or where, after a decree, leave is asked to file a bill of review, or a bill in the nature of a bill of review, upon the like ground of newly discovered evidence. This subject has been a good deal discussed in this court; and I am not aware, that there are any important authorities, bearing on it, which were not brought before the court and examined in the case of Dexter v. Arnold [Case No. 3,856].

There are several leading points, which must necessarily come before the court whenever the argument upon the present petition is heard. (1.) Whether the nature of the evidence proposed to be offered, viz. that of parol confessions, asserted to have been made since the hearing and decree, is such as properly to justify the court in granting a rehearing, supposing it to be full and explicit to the purpose. (2.) Whether, in fact, the evidence now offered of the supposed confessions, is of such a character, as is, or ought to be satisfactory, as proof, to contradict the solemn declarations contained in the answer of the plaintiff to the cross bill, to the very point on which those confessions hinge. (3.) Whether, if admitted, they could be of any just avail in the cause; or would do more than justify the court in rescinding the compromise, supposed to have been made

between the parties and the holders of the notes, and thus to restore them to the status ante pactum (if I may so say), or to the state, in which they stood after the bill was filed, and before the compromise was entered into. If this latter view be the true one, it would be wholly unnecessary to rehear the cause; for the present decree, rescinding the original contract for the purchase of the lands, is precisely what in substance it would be, if the compromise were held a nullity. The rehearing, therefore, under such circumstances, would be utterly without object or use. This, therefore, will naturally, at the argument, constitute a point of discussion in the cause. I merely suggest it, without intending to dwell on it.

The second point is one of no small embarrassment and difficulty, upon the actual posture of the confessions, offered as proof by the petition. These confessions, at least so far as the testimony of Mr. Preble goes, are susceptible of an interpretation favorable to the plaintiff, or, at least, consistent with his good faith and honesty, to the extent of delivering him from the imputation of wanton and deliberate perjury. The affidavit of the defendant, Todd, as to the confessions of the plaintiff, cannot certainly be admitted as evidence in such a cause as this; for in equity no defendant can be a witness to testify in his own favor to a matter, not called for by the plaintiff in his bill. The case, therefore, presented upon this application, on this point, is the affidavit of one witness, as to the supposed confessions of the plaintiff, and the testimony of the plaintiff, directly and positively denying the material facts of the confessions, not merely in his affidavit, but in the most explicit and deliberate manner in his answer to the cross bill. If, therefore, we order a rehearing upon the testimony thus adduced, we must come to the conclusion, in granting this application, that the plaintiff has been guilty of gross and deliberate perjury in his answer to the cross bill, as well as in his affidavit; and that he is not worthy of any, even the slightest credit. Indeed, it might well be said, that, under such circumstances, he was not falsus in uno, but falsus in omnibus. Now, I need scarcely say, that a court of equity, in granting a rehearing in its discretion would be slow to come to a conclusion of this sort, unless it was forced upon it by the most irresistible evidence, and that, in its nature and character, it was of the highest credit, and the farthest removed from the chance or possibility of mistake. Certainly, it cannot be said, that parol evidence of mere confessions is entitled to such a high distinction. It has been well said, that it is the easiest to be manufactured, and the most difficult to be repelled or refuted, of any species of evidence. And although, in the present case, the character of the gentleman, whose affidavit has been given, places his own testimony beyond any suspicion with regard to his belief in its en-

tire accuracy; yet it is to be recollected, that no portion of human testimony is more open to just doubts, than confessions arising from the frailty of human memory, and the mistakes, which may constantly occur in understanding the exact purport and meaning of the language, used by parties in conversation. Judges, therefore, in acting upon the proof of confessions, are not at liberty to draw inferences from their own personal knowledge of individuals; but they must deal with such evidence, as if the parties were unknown, and it were to be judged of upon its own intrinsic force, connected with the other circumstances of the case. But, when such confessions are to establish the solemn charge of deliberate perjury by any party, I am sure, that the court is called upon to exercise the most scrupulous caution, before it arrives at the conclusion, that mere confessions establish such criminality. These, however, will properly occur as matters of observation at the argument; and they are now suggested, because they must be met and considered, whenever the petition comes on for a final hearing.

But the other point is a matter of great practical importance, and is that, upon which, I confess, I have a strong impression. It is, whether a court of equity ought ever to open a cause for a rehearing and to admit new evidence, founded upon parol confessions made subsequently to the time of the original decree. I have searched the authorities to find some case of this sort; but I have not found any. The counsel have frankly admitted, that in their own researches they have discovered none. My judgment is, that no such case does exist. And this universal silence in a case, which must frequently have occurred in practice, affords an exceedingly strong presumption, that it has not been deemed admissible as a ground for a rehearing.

Upon these suggestions the counsel submitted the case to the court without farther argument, and the court overruled the application on the petition for a rehearing, and refused leave to file a supplemental bill.