36   393
55   567

LEWIS REED

*v.*

THE CUMBERLAND MUTUAL FIRE INSURANCE CO.

1. Objections on account of unimportant or immaterial statements or omissions in an answer should be discountenanced.

2. Objection for insufficiency may be taken to the answer of a corporation, or to an answer, oath to which has been waived.

Bill for relief. On motion to strike out part of amended answer.

*Mr. J. J. Crandall,* for the motion.

*Mr. W. E. Potter,* contra.

THE CHANCELLOR.

Nine objections are made to the amended answer. The first and ninth together are, that the clause reserving exceptions,

NOTE.—That the answer of an individual, to which oath has been waived, cannot be excepted to for insufficiency, has been held in *Sheppard* v. *Akers, 1 Tenn. Ch. 326;* nor the answer of a corporation, *Supervisors of Fulton County* v. *Miss. R. R., 21 Ill. 366; Smith* v. *St. Louis Ins. Co., 2 Tenn. Ch. 599.*

As to the general effect of complainant's waiving oath to the answer, *Van Dyke* v. *Davis, 2 Mich. 151; Wilson* v. *Towle, 36 N. H. 135; Bartlett* v. *Gale, 4 Paige 503; Lindsley* v. *James, 3 Coldw. 477; Smith* v. *Potter, 3 Wis. 432; Patterson* v. *Gaines, 6 How. (U. S.) 550; Willis* v. *Henderson, 5 Ill. 13; Chambers* v. *Rowe, 36 Ill. 171; Flint* v. *Jones, 5 Wis. 424; Miner* v. *Medbury, 6 Wis. 295; Rainey* v. *Rainey, 35 Ala. 282; Guthrie* v. *Quinn, 42 Ala. 561; Sims* v. *Ferrill, 45 Ga. 585; 1 Stew. Dig. 428 §§ 954, 955.*—REP.

the general clause denying combination, the general traverse, and the general profert of proof, are found in the answer, contrary to the provision of the 214th rule. These objections are unsubstantial, and are directed to what is a mere matter of form. It appears by the statement of counsel, that the amended answer was drawn and filed before the existence of the rule requiring that those matters be omitted from answers was made known to them.

The second objection seeks an adjudication on the demurrer to the jurisdiction, contained in the answer. This subject was passed upon in the decision on the objections to the original answer, and on the same grounds on which the objection was overruled then, it must be overruled now.

The third objection is to the denial in the answer of the allegation in the bill that " the complainants are unadvised of the contents of the policy." The matter objected to is immaterial.

The fourth and fifth objections are to that part of the answer which is in response to the claim set up in the bill, that the defendant waived the alleged forfeiture by assessing the complainant on his premium-note. The answer alleges that the note was not kept as a valid security, and denies that the company made the assessment at all, but alleges that by mistake, its clerk included the complainant's name in a list of persons assessed, and sent the list to the company's agent, who received the money from the complainant; but the company, as soon as it discovered the mistake, tendered the money back to the complainant, who refused to receive it. The answer thus fairly raises the question whether there was a waiver or not, and the objection therefore is not well taken.

The sixth objection is to the omission of the defendant to state in the answer what the ruling was which it was stated in one of the letters written by an officer of the company on the subject of the complainant's loss, it was expecting to obtain in a court of law, on the subject of the condition under which it is claimed the forfeiture in this case occurred. The omission is immaterial.

The seventh is to the statement in the answer that a vote of two-thirds of the directors is required to alter or amend the by-laws. The statement is wholly immaterial.

The eighth is to the statement that because the complainant's buildings were not worth more than $2,500, he adjusted his claims on the companies in which he had the additional insurance (it was $2,000 in one and $1,000 in the other) at sixty per centum thereof. This is stated as evidence that the complainant's claim made in the bill as to the value of the buildings is excessive. It is not objectionable.

The ninth objection has already been referred to and disposed of.

The objections are none of them sustained. Some of them are the same which were taken to the original answer and overruled. The others are unsubstantial and are directed to matter which is of no importance. They will be all overruled and the motion denied, with costs. Where an answer makes full, frank, and explicit discovery of all matters necessary or material to be answered, whether resting in the defendant's own knowledge or on his information and belief, and it is evident that there is no design to evade a full and fair inquiry, exceptions or objections based on slight and unimportant defects, verbal criticisms or immaterial omissions, will be overruled and discountenanced. *Baggot* v. *Henry, 1 Edw. Ch. 7; Reade* v. *Woodrooffe, 24 Beav. 421.*

And here it will not be out of place to consider the question (not raised on the argument) whether exceptions or objections for insufficiency will lie to an answer, oath to which is waived.

In a note of the case of *Wallace* v. *Wallace* (in this court July 1828), *Hal. Dig. 233,* it is said that it was held in that case that exceptions for insufficiency to the answer of a corporation will not lie, because the answer is not evidence in the cause, and in *McCormick* v. *Chamberlin, 11 Paige, 543,* it was said that liberty to except to an answer for insufficiency is never granted where an answer on oath is waived by the complainant's bill. Except the note as to the decision in *Wallace* v. *Wallace,* there is no evidence of the adjudication of the court in that case. There is no opinion of the court extant, and from the files and

the clerk's docket it appears that the exceptions were filed to the answer of the Trenton Banking Company; there was an order on the 9th of April, 1828, for leave to take the answer from the files to be sworn to, and it was taken accordingly and returned two days afterwards. The exceptions were filed on the 19th of the same month. They were referred to James Ewing as master, but there does not appear to have been any report, nor is there any further order on the exceptions. The decision of the case in *11 Paige* was based on the 40th rule of the New York court of chancery, which was as follows: " If the complainant waives the necessity of the answer being made on the oath of the defendant, it must be distinctly stated in the bill. When the answer is put in without oath it may be excepted to for scandal or impertinence; but the complainant shall not be at liberty to except thereto for insufficiency. But all material allegations in the bill, which are not answered and admitted, may be proved by him in the same manner as if they were distinctly put in issue by the answer; and if no replication is filed, the matters of defence set up in the defendant's answer will, on the hearing, be considered as admitted by the complainant, although the answer is not on oath." It is quite obvious that the doctrine under consideration disregards the right of the complainant to such answer as the defendant may make in his favor to the statements of the bill. He has a right to the defendant's answer on every material point, though he waives oath. For he is spared the necessity of proof as to all the matters admitted by the defendant. The latter is bound by his admissions in the answer, though put in without oath. *Symmes* v. *Strong, 1 Stew. Eq. 131; Bartlett* v. *Gale, 4 Paige 503.* And the complainant may avail himself of any allegations therein that tend to establish his case. The complainant's object in waiving oath is merely to deprive the defendant of the advantage of his answer as evidence for himself. Moreover, as a pleading, the answer may be utterly insufficient, as presenting no defence whatever. It is absurd to say that it must, nevertheless, stand as a defence because oath was waived. And if it be doubtful whether the matter set up by the answer constitutes a defence, may not the complainant try it

before the court to ascertain whether, if it can be sustained by proof, it is a defence or not? Further, on the doctrine under consideration, what control can the court have over the formation of the issue? Is it entirely at the pleasure of the defendant what the issues shall be? Manifestly, the proposition cannot be maintained that exceptions or objections for insufficiency cannot be filed to an answer, oath to which is waived, or to the answer of a corporation.