1833.

Van Rensse-
laer
v.
Brice.

### VAN RENSSELAER vs. BRICE.

Where a lessee is entitled to a right of estovers, for the use of his farm, in the unappropriated lands of his landlord, if the latter makes a colourable lease of all the unappropriated lands in the vicinity of the farm for the purpose of defeating the right of estovers, the lessee of such farm may resort to other lands of the lessor which are more distant, and where the wood and timber is much more valuable. But in ordinary cases, the taking of estovers of valuable timber, and at a great distance from the premises to which the right of estovers is appurtenant, would be deemed an unreasonable exercise of the privilege. It is therefore not impertinent in an answer to state the colourable lease as an excuse for the taking of the estovers upon such other premises of the landlord.

If the matter of an answer is relevant, or can have any influence in the decision of the suit, either as to the subject matter of the controversy, the particular relief to be given, or as to the costs, it is not impertinent.

An exception for impertinence must be supported in toto; and if it includes any part of the answer which is relevant and proper, the exception must fail altogether.

August 6.     This cause came before the court upon exceptions to a master's report, allowing certain exceptions taken by the complainant to the defendant's answer for impertinence. The bill was filed for the purpose of restraining the defendant from cutting wood upon certain lands, in the manor of Rensselaerwyck, which were alleged to belong to the complainant. The defence set up by the answer of the defendant was, that the lot upon which he had cut and was continuing to cut wood at the time of the filing of the complainant's bill, was a part of the common lands of the manor. That such lot had been fraudulently conveyed to the complainant, for the purpose of depriving the defendant of his right of estovers for building, fencing and fuel, as appurtenant to a farm of the defendant in said manor, held under a lease from the former proprietor of the manor. That the defendant was entitled to such estovers from the unappropriated lands of the manor ; and that the alleged trespass was only the exercise of the right on his part to take estovers for building, fencing and fuel for his farm. The defendant admitted that his farm lay in Bethlehem, and that the wood and timber was cut in Troy, thirteen miles from such farm.

But he alleged, as reasons for cutting at the place specified, and in such quantities, that he had ascertained that all the lands in the vicinity of his farm were appropriated; and that it had been the practice of the proprietor of the manor, as soon as the defendant found any unappropriated lands and began to take estovers from the same, to dispose thereof in such a way as to defeat the right of the defendant. That he therefore concluded to cut wood enough at once for the use of the farm for two or three years. That in cutting the quantity he did, it was not his intention to abuse the privilege granted in the lease under which he claimed, but merely to provide against the attempts of the present proprietor of the manor to defeat altogether the effect of the grant, by the numerous shifts and stratagems he had resorted to, and which the defendant had been informed and believed he intended to resort to, as often as the defendant should attempt to exercise his right of taking estovers. The defendant further charged that one mode which had been adopted by the proprietor of the manor to effect his purpose, in that respect, had been by making sweeping grants of the unappropriated lands in the manor to different members of his own family, and which grants were intended to have no other effect than to defeat and destroy the defendant's right to take estovers, and the rights of other proprietors of the manor claiming under leases similar to his. The complainant's first exception embraced the whole of this part of the answer, commencing with the allegation that it was not the intention of the defendant to abuse the privilege granted in the the lease under which he claimed, &c.

The defendant further stated, in his answer, that he had been informed and believed, and so charged the fact to be, that in 1819, S. Van Rensselaer, the present proprietor of the manor, executed to his son, S. Van Rensselaer, junior, a general lease of all the unappropriated lands in the towns of Rensselaerville, Berne, Guilderland and Bethlehem, for the term of seven years, which term was afterwards extended ten years longer. That the lease was executed for the express purpose of depriving the defendant and other tenants of the manor who held under leases similar to the defendant's, of their right of estovers on the common or unappropriated lands in

those towns.  And that under his lease, S. Van Renssclaer, junior, had been in the habit of prosecuting the defendant and other tenants, whenever they attempted to exercise their right to take estovers from such unappropriated lands, in either of those towns ; and by that means he put the defendant to great trouble and expense, and compelled him to resort to other unappropriated lands in the said manor, at a great distance from his farm, to procure estovers of wood and timber. To this part of the answer the complainant also excepted, for impertinence.   Both exceptions having been allowed by the master, the defendant excepted to his report.

*J. T. B. Van Vechten*, for the complainant.

*H. G. Wheaton*, for the defendant.

THE CHANCELLOR.   For the purpose of determining whether those parts of the answer to which these exceptions relate are impertinent, the part of the answer which charges the conveyance to the complainant to be fraudulent as against the defendant's claim to estovers, as well as every other part of the answer, must be taken as true.   And each exception should have been overruled, if any part of the answer embraced in such exception was pertinent, or necessary to the defence of the defendant.   An exception for impertinence must be supported in toto ; and if it include any passage which is not impertinent, it must fail altogether.   (*Wagstaff* v. *Bryan*, 1 *Russ. & Myln. Rep.* 30.)   From the answer, it appears that the defendant, as the assignee of the lease to Slingerland, given in 1767, was entitled to estovers, for building, fencing and fuel, in the lands of the manor which were not fenced or particularly appropriated or demised by the proprietors thereof ; and that the conveyance to the complainant was without consideration, and made for the sole purpose of defrauding the defendant of his right to estovers.  Notwithstanding the alleged fraud in this conveyance, however, it was valid as between the parties thereto ; and the complainant is entitled to the same rights that the proprietor of the manor would have possessed if the conveyance had not been made.   One of those

1833.

Van Rensse-
laer
v.
Brice.

rights was, that the privilege of taking estovers should be exercised in a reasonable and proper manner. It would be an unreasonable and unconscientious exercise of the power of taking estovers, if they could conveniently be obtained in the vicinity of the defendant's farm where the value of wood and timber was comparatively little, for him to resort to the complainant's land near the city of Troy, where wood and timber were much more valuable. And unless some special reasons existed which rendered such a proceeding necessary, the defendant would not be authorized to take estovers for two or three years in advance. He was therefore bound to state the facts which rendered such a proceeding on his part proper, and consistent with the just rights of the complainant. But if, as the defendant alleges, the proprietor of the manor was endeavoring to defeat his right, by colourable leases to members of his own family, and had actually leased all the common lands in the immediate vicinity, it was a sufficient excuse for what was an unusual, and apparently a vexatious proceeding on the part of the defendant. Although the lease of all the unappropriated lands, in the neighborhood of the defendant's farm, may have been void as against him, yet he was not bound to subject himself to the costs and expenses of an interminable litigation, by exercising his right to taking estovers from such lands ; and he might resort to other unappropriated lands in the manor, where no such difficulty was supposed to exist. If the matter of an answer is relevant, that is, if it can have any influence whatever in the decision of the suit, either as to the subject matter of the controversy, the particular relief to be given, or as to the costs, it is not impertinent. Testing the allegations of the answer embraced in these exceptions by this rule, I cannot say they are wholly unnecessary and irrelevant. The exceptions to the report of the master are therefore well taken ; and the exceptions for impertinence must be disallowed.