1836.

Hawley
v.
Wolverton.

HAWLEY and others *vs.* WOLVERTON.

In determining whether an allegation or statement in a bill is relevant or pertinent, the bill must not only be regarded as a pleading to bring before the court and put in issue the material allegations and charges upon which the complainant's right to relief rests, but also as an examination of the defendant for the purpose of obtaining evidence to establish the complainant's case, or to counter-prove or destroy the defence which the defendant may attempt to set up.

The complainant, in his bill, may state any matter of evidence, or any collateral facts, the admission of which, by the defendant in his answer, may be material in establishing the allegations of the bill as a pleading; or to ascertain the nature, extent, and kind of relief to which the complainant is entitled; or which may legally influence the court in determining the question of costs.

In determining the question, whether trees appertaining to a dwelling house are ornamental trees, so as to make it waste in a tenant to cut them down, it is important to ascertain the fact whether they have been considered and treated as ornamental trees by the former owners and proprietors of the premises.

A few unnecessary words in a bill or answer do not render the pleading impertinent. And the master should not allow an exception on account of a few unnecessary words, except where they will lead to the introduction of improper evidence, by putting in issue matters which are foreign to the cause; or where such words may embarrass the defendant in answering the complainant's bill.

January 19.    THIS case came before the court upon exceptions to a master's report on exceptions to the complainants' bill for impertinence.    The bill was filed to restrain the commission of waste, upon premises which had been leased to the defendant, by the complainants, for a short term of years.    And a part of the waste complained of was in cutting down certain growing trees upon the premises, which had been devised to the complainants by William James, in trust; and which trees, as they alleged, had been preserved by the testator as appurtenant to the mansion house on the premises, for shade and ornament.    The defendant filed twelve exceptions to the bill for impertinence, all of which were allowed by the master, except the fifth.    And the complainants excepted to the report as to the allowance of each exception.

*J. King*, for the complainants.

*M. T. Reynolds*, for the defendant.

THE CHANCELLOR. In examining the question, whether an allegation or statement in the bill is relevant or pertinent, it must be recollected that a bill in chancery is not only a pleading, for the purpose of bringing before the court and putting in issue the material allegations and charges upon which the complainant's right to relief rests, as in a declaration in a suit at law, but it is also, in most cases, an examination of the defendant upon oath, for the purpose of obtaining evidence to establish the complainant's case, or to counter-prove or destroy the defence which may be set up by such defendant, in his answer. (*Mechanics' Bank* v. *Levy*, 3 *Paige's Rep.* 606.) The complainant may therefore state any matter of evidence in the bill, or any collateral fact, the admission of which, by the defendant, may be material in establishing the general allegations of the bill as a pleading, or in ascertaining or determining the nature and extent, or the kind of relief to which the complainant may be entitled, consistently with the case made by the bill; or which may legally influence the court in determining the question of costs. And where any allegation or statement contained in the bill may thus affect the decision of the cause, if admitted by the defendant or established by proof, it is relevant, and cannot be excepted to as impertinent.

The defendant, by his four first exceptions, seeks to expunge from the bill the fact of the making of the will of Mr. James, by which the premises upon which the alleged waste was committed were devised to the complainants, as executors and trustees, the death of the testator, the probate of his will made by the complainants, and the assumption by them of the trust, by which they become jointly vested with the legal estate in the premises. Looking to the nature and extent of the relief sought in this case, and to which the complainants may be entitled if the several allegations in their bill are proved or admitted, all of these facts are relevant, and may have a material effect upon the decision of the

cause. The taking of a lease from them, by the defendant, is at most but an admission of their title for the short term of years for which that lease was given. But the owners of a short term of years, in land, although they may have the right to file a bill to prevent the commission of future waste, might not be the proper persons to claim compensation for that which has already been committed. These allegations in the bill, therefore, are material, for the purpose of showing the origin, nature and extent of the complainants' interest in the premises. And the first four exceptions should have been disallowed by the master.

The matters of the sixth, seventh, eighth and ninth exceptions are material, to show that the trees cut down were appurtenant to the mansion house, erected by the testator on the premises for a country seat or summer residence, as shade or ornamental trees, and to show the location thereof in reference to the dwelling house and public road, and to counter-prove the defendant's pretence, that the trees were cut down by him for fencing, or to prevent their furnishing a harbor for vagrants. Those exceptions should therefore have been disallowed.

By the tenth exception, the defendant seeks to expunge from the bill the allegation that the trees in question were considered and treated by the testator, in his lifetime, as very ornamental, and as of great value as a matter of taste. The question, as to what is and what is not ornamental timber, is a mere question of taste. It may be very material, therefore, in determining the question, to ascertain whether it has been considered and treated as ornamental by the former owners and proprietors of the premises. This exception should, for this reason, have been overruled.

The matter of the eleventh exception shows that the waste in cutting down the trees was a wilful and intentional injury to the property of the lessors, after the defendant knew from one of them that the preservation of the trees was deemed of great importance, by an offer of a large reward for the detection of any person who should attempt to cut any of them down. And this fact, if established, may also have a very

1836.

Hawley
v.
Wolverton.

material influence on the decision of the court upon the question of costs.

The twelfth exception seeks to expunge from the bill the separate allegation of one of the complainants, that if the premises were owned by him in his own right, he would not have been willing to have the trees cut if $500 had been offered to him as a compensation for the same. This allegation is one which, from its very nature, cannot be put in issue and proved; and to which the defendant cannot give an answer which will be of any benefit to the complainants. A few unnecessary words in a bill or answer, does not render it impertinent. (*Del Pont* v. *De Tastet, Turn. & Russ. Rep.* 486.) And the master should not allow the exception, in such a case, unless the irrelevant passage would tend to the introduction of improper evidence, by putting facts in issue which are foreign to the cause, or where the irrelevant matter might embarrass the defendant in answering the bill. In the present case, the matter of the twelfth exception is objectionable on the latter ground. The exception was, for that reason, properly allowed. And the impertinent matter must be expunged by the register.

The ten first exceptions to the master's report are allowed, and the last is disallowed. The eleventh exception to the report forms an offset to one of those which are allowed, and the defendant must pay to the solicitor of the complainants the costs of the other nine; that is, nine elevenths of his costs on the exceptions to the report; and deducting therefrom the defendant's costs for the twelfth exception to the bill, which is finally allowed, as directed by the 63d rule.