Goodrich *v.* Rodney and E. C. Parker.

---

REUBEN GOODRICH, Appellant, *vs.* RODNEY and E. C. PARKER, Respondents.

It is not Error for the Chancellor to hear and allow or disallow exceptions to a bill in Chancery, without referring the same to a Master.

The Pleader may insert in a bill in Chancery, not merely issuable facts, but any matter of evidence or collateral facts which, if admitted, may establish, or tend to establish, the material allegations in the bill, or which may bear upon the relief sought. Other matter is impertinent.

Matter inserted in a Pleading must be impertinent to be scandalous, and it must be clearly irrelevant, or the Court will not strike it out.

Deeds, records and writings set forth in *haec verba* will be stricken out as impertinent. An exception for impertinence must be sustained *in toto*, and if it include any passage which is not impertinent, it must fail altogether.

Complainant, on the 2d day of April, 1853, filed his bill in the District Court for the County of Ramsey, to which Defendants filed sundry exceptions.

These exceptions were heard, and a portion of them allowed by the Court below, from which order Complainant appeals to this Court.

All of which, (in view of the following extract from Chapter 1 of the Acts of our Legislature, approved March 5th, 1853: "The Court of Chancery, and the right to commence or institute Chancery suits and proceedings, and all statutes and statutory provisions inconsistent with this act, shall be, and are hereby abrogated and abolished:") are more fully and, for all practical purposes, sufficiently set forth in the following Opinion.

AMES & VAN ETTEN, for Appellant.

RICE, HOLLINSHEAD & BECKER, for Respondents.

*By the Court*—SHERBURNE, J. This cause is brought into this Court by Appeal from an order of the District Court allowing exceptions to the bill.

It is objected by the Complainant's Counsel, that the proceedings in the Court were irregular, inasmuch as the exceptions were not referred to a Master. The objection, in the opinion of the Court, cannot be sustained. The duties of a Master in Chancery are not separate and distinct from those of the Chancellor, but in aid of him. Masters in Chancery were considered in England as "assistants to the Lord Chancellor," and Tomlin says: "some sit in Court every day, and have referred to them interlocutory orders for stating accounts, computing damages," &c. "and they also examine, *on reference*, the propriety of bills in Chancery," &c. But, I am not aware of any rule making it imperative on the Chancellor to refer the question of propriety of the bill to a Master, if he should choose to hear it himself. I do not find that the question

has ever been raised: but, in practice, it has been common in the States for Courts sitting in Chancery to examine and determine questions of a character similar to the present case of exceptions, without the intervention of a Master; and the very section of our Statutes which is relied on by the Complainant's Counsel as supporting his objection, goes very far to avoid it. The language is, that "whenever it shall be deemed *necessary*, pending any suit or proceeding, the Court *may* appoint a special Master," &c. See *Statutes*, Sec. 73, p. 470. Who but the Chancellor is to determine when he needs asssistance? and, when he does not need it, what authority has he under the Statute for appointing an assistant? I apprehend, that we have only to look to the reason for the appointment of a Master, to arrive at the conclusion that the whole matter lies within the choice of the Chancellor. To examine exceptions is one of his duties, which he may, or may not, as he deems necessary, refer to a Master, who acts in some respects in the character of a referee in a Court of law.

Upon the question of allowing exceptions, the following Opinion of Chief-Justice HAYNE, in the District Court, is approved by this Court, and has been adopted as our opinion:—

In examining the question whether allegations or statements in a bill are relevant or pertinent, it must be recollected that a bill in Chancery is not only a pleading for putting in issue the material allegations and charges upon which the Complainant's right to relief rests, but, in most cases, it is also an examination of the Defendant on oath, for the purpose of obtaining evidence to establish, or tending to establish, the Complainant's case, or to countervale the allegations contained in the Defendant's answer. 5 *Paige*, 522, 523; 3 *Paige*, 606; *Story's Eq. Pl.* Sec. 268.

The Complainant may therefore state any issuable fact, and also any matter of evidence in the bill, or any collateral fact the admission of which by the Defendant may be material in establishing the general allegations of the bill, as a pleading, or in ascertaining or determining the *nature* or extent of the relief to which the Complainant may be entitled consistently with the case made by the bill. 5 *Paige*, 523; 3 *Ib.* 606;

*Story's Eq. Pl.* Sec. 268. And where the allegations or statements contained in the bill may thus affect the decision of the cause, if proved or admitted by the Defendant, it is relevant, and cannot be excepted to as impertinent. 5 *Paige*, 523 ; 3 *Ib.* 606 ; *Story's Eq. Pl.* Sec. 268.

To ascertain whether an allegation or statement in a bill is pertinent as a matter of pleading, it is proper to see if an issue can be framed out of it which will be material, if proved or admitted, to aid in obtaining the relief to which Complainant would be entitled by the bill. And a good test of relevancy as to the discoveries of facts sought of the Defendant in the bill, as evidence or proof for the Complainant, is, to examine and ascertain whether if the facts admitted or proved would establish, or have a tendency to establish, the issuable matter contained in the bill. *Story's Eq. Pl.* Sec. 853.

Matters alleged, not material for the above purposes, are impertinent, and if reproachful, are scandalous. 1 *J. (Ch.) R.* 103 ; 5 *Paige*, 522 ; *Story's Eq. Pl.* Sec. 270. But a matter must be impertinent in order to be scandalous, for however scandalous in its nature it may be, if relevant it cannot be expunged as scandalous. 15 *Vesay*, 477.

Before expunging the matter alleged to be impertinent, it should be fully and clearly made out that it is impertinent: for if it be erroneously struck out, the injury will be irreparable. *Story's Eq. Pl.* Sec. 207; 6 *Beavan's Rep.* 444; 2 *Young & Coll. N. R.* 444. On the other hand, care must be taken not to overload bills by superfluous allegations and redundant and unnecessary statements, or by scandalous and impertinent matter, when tested by the foregoing rules. *Story's Eq. Pl.* Sec. 266.

It is perfectly consistent with the principles suggested in many cases to strike out deeds, writings and records recited in a bill in *haec verba* as impertinent. *Story's Eq. Pldgs Sec.* 266 and *note* 1, and authorities there quoted, 4 *J. Ch. R.* 437 ; 17 *Peters* 65, 66 *Appendix*, 1 *Howard Rep. Int.*, 49, 50.

The Defendants' first exception seeks to expunge the reference to the schedule, (incorrectly called exhibit A.,) the prayer that the schedule be taken as a part of the bill, and the schedule itself, containing a copy of lease of the American House to the complaint.

This exception is well taken and must be allowed. The lease is sufficiently and properly pleaded, without setting forth a copy of it in the bill. The Complainant seeks no discovery respecting it, of the Defendants, and from the fact that he has been enabled to furnish a copy of it in his bill, it clearly appears to be in his possession or under his control : nor does he, on the other hand, allege that Defendants have any knowledge respecting it, is material to him as evidence or otherwise. The copy of the lease can only be taken as a part of the bill as a pleading, and as the lean was already sufficiently pleaded, it must be expunged. It is not admissable to insert the same matter twice in a pleading. 6 *Paige* 247. At a proper time the complainant may prove the allegation in the bill by the evidence in his possesion, to wit : the original lease. It is only matter of evidence to be shown at large at the hearing. *Hood vs. Inman*, 4 *J. Ch'y Reps.* 438 ; *Alsager vs. Johnson*, 4 *Vesay* 217.

The remarks made as to the first exception, may, with great propriety, be applied to the second exception ; also further, if the Defendants should, in their answer, admit that the schedule B. contains copies of the receipts, the admission would not be competent evidence of the payment of the rent by the Complainant. *Whereas*, if the Defendants admit the general allegation that the Complainant has paid the rent, as alleged in the bill, the admission will be good evidence of payment. The second exception must therefore also be allowed.

The 14th, 15th, 16th, 18th, 36th and 40th exceptions may all be included in the same category, and must be allowed for the same or similar reasons.

As to the 3rd exception, it must appear very obvious that it can make no possible difference with this cause, whether the Defendants resided in Massachusetts, or not, before 1849, or that their business had become nearly or quite broken up there, or that their pecuniary affairs were much embarrassed, inasmuch as the statement contains a charge of their utter insolvency. The allegation of utter insolvency may, perhaps, be material in the event that Complainant establishes the right to call the Defendants to account for the avails of the business of the American House, in order to raise the presumption that

all the property the Defendants now have in their possession was made out of said business, and therefore belonging to Complainant, unless Defendants show that they obtained it from some other source.

An exception for impertinence must be supported *in toto*, and if it include any passage which is not impertinent, it must fail altogether. *Van Rensalaer vs. Bine,* 4 *Paige* 174, 176 ; *Wagstaff vs. Bryan,* 1 *Paige* and *Myln Reps.* 30. The 3rd exception cannot therefore be allowed, but is overruled.

The 4th, 5th, and 6th exceptions relate to allegations, that, if admitted by the Defendants' answer, would have a tendency to show the insolvency of Defendants at the time alleged, and might, therefore, have a tendency to raise the presumption named in respect to the 3rd exception, that all the property now in the possession of Defendants, they had accumulated from the business of the American House. These exceptions are not allowed but overruled.

The allegations to which the 7th, 8th, 9th and 10th exceptions relate, can, it appears to me, in no point of view be material, and if admitted to be true by the answer, can prove nothing pertinent or issuable in the bill. These exceptions are therefore allowed.

The 11th exception is, to matter clearly impertinent, and a part of the allegation to which it relates, is grossly scandalous. There is not a fact contained in the allegations or statements upon which a material issue could be raised, nor if admitted by the answer, would it prove or have a tendency to prove a legitimate matter that could be raised by the bill. It must be allowed.

As to the 12th exception, I am some what doubtful whether the allegation that the four months' intervening between the opening of the House, (the American House,) and the close of navigation were rendered nearly or quite unproductive and thus continued during the following winter, might not possibly have some slight materiality, but stuffed as the allegation is with reasons and causes that are impertinent and improper and even scandalous, I shall allow the exception.

The 13th exception cannot be allowed. The allegation that

a letter of credit was given to the house of Wm. Rogers or Wm. and Geo. Rogers, cannot be material as it is not accompanied with any averment or allegation that Complainant paid it, or any part of it, or was or became responsible for it or any part of it.   Had it, therefore, been separately excepted, it would have been held impertinent.   The other allegation to which this exception relates does not, certainly, in direct terms, state that the Defendants have seized upon the bills, receipts, books and accounts, but it does make an averment argumentatively that I think material.   As before stated, an exception that fails in part must be disallowed *in toto.*

The remarks I made in respect to the allegations covered by exception 11th, apply with greater force to the allegations and statements comprehended within the 17th exception, which is also allowed.

If the whole of the allegations contained in the 19th and 20th exceptions, were admitted by the Defendants' answer, they could prove nothing material contained in the bill.   The allegation was made in a previous part of the bill that Complainant paid the whole rent of said American House, and it cannot strengthen it any that the Defendants did not contribute any to the payment of $750 of the same, nor would the admission of the fact amount to anything toward proving the allegation true ; nor does he show that Defendants have any knowledge of the fact that he paid it.   Exceptions 19 and 20 are therefore well taken, and must be allowed.

The exceptions 21 and 22 are justly interposed, and must be allowed.   There is not a pertinent fact, either issuable, or if admitted by answer as evidence, perceivable within their entire scope.

The 23d, 24th, 25th, 26th, 27th, 28th, 29th, and 33d exceptions cover ground that may be material, and must be disallowed and overruled.   There are some matters within t h purview of these exceptions clearly impertinent, but as each includes matters that may be pertinent, the exceptions mus fall.

Exceptions 30, 31, and 32 must be allowed.   The allegations are only repetitions, and are unimportant.

In relation to the allegations embraced within the 34th

exception, it may be observed that the proposal made to the agent of the lessors was too absurd, if admitted, to derive any inference of fraud from it.   How could the agent of the lessors repudiate the lease or set it up in Defendants, if the lease was executed and delivered to Complainant as lessee, as alleged in the bill?   Or how could the Defendants release the lessors from liabilities for repairs to be made for the benefit of Complainant?   This exception is rightly interposed, and must be allowed.

The grounds alleged for damage in the allegations comprehended within the 35th exception are not legitimate, and the exception must be allowed for their impertinency.

Upon the most casual observation, it will also be clearly perceived that on no recognized principle can any of the statements or allegations contained in the parts of the bill to which the exceptions 37, 38, and 39, by any possibility be, or be rendered, material to the relief sought by the bill.   They are impertinent, wholly so, and the exceptions must be allowed.

All the exceptions allowed must be expunged from the bill; and more than two-thirds of the exceptions having been allowed, the Complainant must pay to the Defendants two-thirds of the costs that would have been allowable had all the exceptions been sustained.