Bradley, J.
The defendant’s motion is founded upon the contention, that the complaint contains the elements of two distinct causes of action mingled together, and while it alleges that the deed to the wife was made through the defendant Smith to secure the payment to her of the amount of $2,500, *218 which the husband owed her, it also alleges that it was made and taken with intent to hinder, delay, and defraud his creditors ; and in support of that allegation it is charged that he was insolvent at the time the deed was made, and that she now claims to be- seized in fee of the premises. And it is insisted that unless these allegations of fraud are to serve some substantial purpose so as to‘ enable the plaintiff to seek relief at the trial on the ground of fraud, they are immaterial and should be stricken out, and that if they can be used for such purpose then they constitute a distinct cause of action, and are improperly united with the cause of action founded upon the fact that the deed to the wife was intended as a mortgage and is such in fact: and that the complaint should in that view be made more definite and certain. It may be observed that this is an action for equitable relief, and that the nature of such cases does not permit the application of so well-defined- rules of statement of causes for relief as may be required in actions at law as such. Hence, in the former a greater liberality or latitude in statement of facts and circumstances has necessarily been allowed than in the latter. And a complaint may not be deemed multifarious, and matter irrelevant so as to render a motion to strike out effectual, although it embrace facts collateral to the apparent cause for relief unless they are foreign to the cause of action. Hawley v. Wolverton, 5 Paige, 522 — Town of Essex v. N. Y. & C. R. R. Co. — 8 Hun, 361. The main ground of relief is based upon the charge in the complaint that the deed was made and taken as security, and that therefore it is in legal effect a mere mortgage. And there do not seem to be any allegations in the complaint inconsistent with such alleged fact. The allegation of intent to hinder, delay and defraud the creditors is so connected with that of its purpose as between the parties to secure the debt due from the husband to the wife as to make the alleged fraud subordinate to and consistent with such alleged purpose of the deed of conveyance. And the effect of these allegations taken together is, that notwithstanding the deed was made and taken as such security, it was nevertheless done in that manner with the intent to defraud the creditors of the grantor Burton. And the subsequent assertion of title in the defendant Clara S. Burton by virtue of the deed was made with the like intent, and to consummate such result.
The facts of his pecuniary condition, and the fraudulent purpose of the transaction were not improperly alleged as bearing upon the question of costs, if for no other reason — Howard v. Tiffany, 3 Sandf, 695.
The statute which permits relief not within the demand of the complaint in case an answer is interposed, limits the relief to that consistent with the case made by the complaint. Code Civ. Pro., § 1207 — Stevens v. Mayor, etc., 84 N. Y., 296.
*219 And in this respect there is not much, if any, departure from the earlier practice in this State in equity cases, Colton v. Ross, 2 Paige 396; Beach v. Beach., 11 id 161; Brady v. M ’ Cosker, 1 N. Y. 214; Mayor v. Griswold, 8 Sandf, 464. The view here is that the defendant’s motion was properly disposed of at special term.
The order should be affirmed with ten dollars costs and disbursements of the appeal.
Smith, P.J, and Barker and Haight, JJ., concur.