FINGER *v.* CITY OF KINGSTON.

(*Supreme Court, General Term, Third Department.* February 24, 1890.)

1. PRELIMINARY INJUNCTION—DISSOLUTION.
   In an action to enjoin a city from discharging sewage into a creek, on the ground that it will pollute the ice in plaintiff's pond, 13 miles down the stream, a preliminary injunction will be set aside when the proof preponderates in favor of the absence of injury, and the case can be tried on its merits before another winter, and plaintiff's ice cannot be injured in the mean time.

2. APPEAL—REVIEW—CONSIDERATION OF EVIDENCE.
   Upon appeal from the order granting the injunction, the court cannot take judicial notice of the opinion of experts not verified by affidavit.

3. EQUITY—PLEADING—IRRELEVANT ISSUES.
   A motion to strike out allegations in a complaint in equity is properly denied where the irrelevancy is not clear, and the danger of false issues is only possible.

Appeal from special term, Albany county.

Action by William L. Finger against the city of Kingston to enjoin it from discharging its sewage into a creek below plaintiff's ice-pond. Defendant appeals from an order granting a preliminary injunction, and also from an order denying a motion to strike out certain allegations of the complaint.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*G. B. D. Hasbrouck* and *W. Lounsberry,* for appellant. *Peter Cantine,* for respondent.

LANDON, J. The preliminary injunction was granted upon notice and upon consideration of the affidavits submitted by each party. When the right to an injunction depends upon the nature of the action, it is indispensable that the complaint show that the plaintiff is entitled to judgment awarding the injunction. Code, § 603. But it would be idle for the defendant to contest the motion upon affidavits upon his part, if the test of decision is whether the complaint shows a *prima facie* case entitling the plaintiff to judgment awarding the injunction. The test must be, what does sound discretion require upon the entire case? No inflexible rule can be laid down, for that would exclude discretion; but it is probably safe to say that it ought to appear to be reasonably probable that the plaintiff will ultimately prevail in establishing his right to a perpetual injunction. But when the defendant can be fully indemnified, and the plaintiff cannot, this rule may be too stringent. In this case the defendant has constructed sewers for the use of its inhabitants in a portion of the city. These sewers first discharge into settling tanks about 400 feet from the Esopus creek. The office of these tanks is to remove by sedimentation much of the obnoxious matter contained in the sewage. From the tanks the outflow of the sewage water is into the creek. The plaintiff has a dam across the creek, 13 miles down the stream, at Saugerties. This dam forms a pond from which the plaintiff gathers ice for the market. He alleges that the discharge from the sewers will spoil or injure the ice in the pond, to his irreparable and continuous damage.

Important and useful as the defendant's system of sewage may be, the plaintiff's private right to have the water flow into his pond free from the sewage pollution must be respected. In what way the constantly recurring problem of sewage discharge is to be solved, we do not know. The defendant has taken some precautions against the discharge of the more obnoxious contents of the sewage. We do not know whether these precautions are enough. We have examined all the affidavits. It is not clear that the plaintiff's ice will be injured. The Esopus creek is a large stream, and its volume is considerably increased between Kingston and Saugerties by two large streams flowing into it. Whether the dispersion of a small volume of sewage water into a large stream of fresh water, followed by a flowage of 13 miles in the open stream, would suffice to restore purity to the sewage water, is a question upon which experts may differ. The affidavits on the part of the city tend strongly to show that no injury could result from it to the ice formed at Saugerties, and we think the proofs now before us preponderate in favor of the absence of injury. We cannot take judicial notice of the opinions of experts not verified by affidavit. The issue ought to be decided upon further evidence than is now before us. We think the case can be tried upon the merits before another winter; and, as we do not think the plaintiff's ice can meantime be injured, we conclude to vacate the preliminary injunction. The order is reversed, with $10 costs and printing disbursements, and the motion denied, and the injunction vacated, with $10 costs.

LEARNED, P. J., concurs. MAYHAM, J., takes no part.

### MOTION TO STRIKE OUT.

LANDON, J. The defendant also appeals from an order of the special term denying a motion to strike out certain allegations of the complaint as irrelevant. The first is to the effect that his ice, when polluted by the sewage, will injure the health of the persons using it; the second alleges the extent of his market for ice; the third, that other people also obtain ice from his pond; the fourth contains an advisory resolution of the state board of health; the fifth, that the defendant can make its sewage deposits into fertilizers, and can discharge the sewage water into the Rondout creek; and the sixth that the defendant had due notice that suit would follow its discharge of sewage into

the Esopus creek.   It is probable that the third and fourth allegations are not material to the plaintiff's case, and that the fifth and sixth are anticipatory of objections to be asserted by the defendant.   But we do not think the defend-ant is aggrieved by any of them.   In an equity case, it is usual for the plaintiff to allege his equities; and if, out of abundant caution, he should al-lege matters which do not constitute any equity in his favor, the defendant is not aggrieved thereby, unless he is misled into combating a false issue. The trial court, as the case is unfolded, is in a better condition to judge re-specting such matters.   We are not inclined to favor such motions, unless the irrelevancy is clear, and the danger of false issues something more than barely possible.   Order affirmed, with $10 costs, and printing disbursements.

LEARNED, P. J., concurs.   MAYHAM, J., takes no part.