THE TOWN OF DUNKIRK, Respondent, *v.* THE LAKE SHORE AND MICHIGAN SOUTHERN RAILWAY COMPANY, THE NEW YORK, CHICAGO AND ST. LOUIS RAILROAD COMPANY and THE WESTERN NEW YORK AND PENNSYLVANIA RAILROAD COMPANY, Appellants.

*Equitable action — striking out immaterial allegations in a pleading — possible bearing of such allegations on the question of costs.*

Where certain railroad companies laid their tracks across a highway at some distance above grade, the town in which the highway was located, through its highway commissioner, brought an action in equity under section 15 of chapter 568 of the Laws of 1890, to compel the railroad companies to carry the highway under their tracks.

The complaint alleged, among other things, that an application had been made to the Railroad Commissioners of the State of New York, calling their attention to the condition of the crossing; that the Board of Railway Commissioners visited and inspected the crossing, and recommended to the railroad companies that the highway should be carried under the tracks; that each of the railroad companies was served with a copy of the report, and that each had failed and refused to follow the recommendations in said report contained.

On a motion made by the defendants to strike out this portion of the answer as immaterial,

*Held*, that in an equitable action great latitude is allowed the court with reference to striking out irrelevant matter, and that where the matter alleged to be irrelevant might bear upon the question of costs, which rests in the discretion of the court, the refusal to strike it out was not error.

APPEAL by the defendants, The New York, Chicago and St. Louis Railroad Company and others, from an order of the Supreme

Court, made at the Erie County Special Term and entered in the office of the clerk of the county of Chautauqua on the 27th day of June, 1893, denying the defendant's motion to strike out a portion of the complaint as irrelevant.

*Daniel H. McMillan,* for The Lake Shore and Michigan Southern Railway Company, appellant.

*John G. Milburn,* for The N. Y., Chicago and St. Louis Railroad Company, appellant.

*E. D. Warner,* for the respondent.

LEWIS, J.:

This is an action brought in equity by the town of Dunkirk, through its highway commissioner, under section 15 of chapter 568 of the Laws of 1890, to compel the several defendants to carry a highway under their tracks at a point known as Fessler's crossing, within the corporate limits of the plaintiff.

The complaint contains appropriate allegations, to the effect that the defendants severally own and occupy railroad tracks running through the town of Dunkirk, used for the purpose of railroad business; that in building their roadbed at the point where they crossed the Fessler road, they constructed an embankment some twelve or fifteen feet in height, and constructed approaches thereto leading up to the grade of the railroad bed, so that travelers upon the highway were compelled to pass up the embankment and over the railroad tracks, to the great inconvenience and danger of the teams and travelers; that the defendants neglected and failed to restore the highway to its former state, and judgment was demanded that the defendants be compelled, at their expense, to construct and carry the said highway through the embankments of said railroad, and underneath all their tracks, of sufficient capacity to allow the free passage through the same of vehicles and conveyances.   In addition to the foregoing allegations, the complaint stated that a complaint was duly made and transmitted by the commissioner of highways of the town of Dunkirk to the Board of Railroad Commissioners of the State of New York, calling the said board's attention to the condition of the railroads at said crossing, and to the importance and necessity of an undercrossing; that the said board of commissioners visited and

inspected the said crossing, and thereafter reported it to be substantially as stated in the plaintiff's complaint, and recommended that the highway should be carried under the tracks of the said railroads by the defendants, so as to do away with the grade crossing, and that thereafter each of the above-named defendants was served with a copy of said report and recommendations of the said Board of Railroad Commissioners, and that notwithstanding said report of said board, and notice thereof to the defendants respectively, they had neglected, failed and refused to follow said recommendation and restore the said highway at the said crossing to its former state. The defendants moved to strike from said complaint so much thereof as related to the proceedings by and before the Board of Railroad Commissioners. The motion was denied, and from the order denying said motion an appeal was taken to this court.

In actions to secure equitable relief greater latitude and liberality are allowed in the preparation of pleadings than in other actions. Motions to strike from pleadings matter claimed to be irrelevant is addressed largely to the sound discretion of the court. It is not an absolute right of a party to have it stricken out in all cases. The power to strike out such matter should be used with reluctance and caution. (*Town of Essex* v. *The N. Y. & Canada R. R. Co.*, 8 Hun, 361; *Bradstreet* v. *Bradstreet Co.*, 14 N. Y. St. Repr. 260; *Baer* v. *Seymour*, 12 id. 167; *Finger* v. *City of Kingston*, 29 id. 702.)

It is true, as claimed by the appellants, that the powers possessed by the Board of Railroad Commissioners are mainly advisory. The statutes organizing said board have not made any provision for enforcing its recommendations. The complaint states a complete cause of action against the defendants, without the part concerning the Board of Railroad Commissioners. This, in its nature, is an equitable action. The granting of costs against the defendants, if the plaintiff be successful, is discretionary with the court. It may well be that that part of the complaint alleged to be irrelevant may have a bearing with the court in determining the question of costs. If so it cannot be claimed to be entirely irrelevant. (*Evans* v. *Burton*, 5 N. Y. St. Repr. 218; *Howard* v. *Tiffany*, 3 Sandf. 695.)

It may be important upon the question of costs to show that defendants' officials had notice of the situation of things complained of for a sufficient length of time before the commencement of the action to have constructed the underway if they had so desired.

Had the action been commenced without the facts being called to their attention they might well have urged upon the question of costs, that they should have had notice and an opportunity to have constructed the underway before being subjected to the trouble and expense of the action. If the matter complained of be stricken from the complaint, there would be no allegation left showing that the attention of the defendant was called to the matter before the commencement of the action.

We are of the opinion that no error was committed in refusing to grant the defendants' motion, and that the order appealed from should be affirmed, with ten dollars costs and disbursements of the appeal.

DWIGHT, P. J., and HAIGHT, J., concurred.

Order appealed from affirmed, with ten dollars costs and disbursements.