(32 Misc. Rep. 469.)

### STEIFFEL et al. v. TOLHURST et al.

(Supreme Court, Special Term, New York County. September, 1900.)

1. PLEADING—IRRELEVANCY—MOTION TO STRIKE OUT.
    Where a motion was made to strike out portions of an answer as irrelevant, and the parts objected to were not prejudicial to the moving party, and did not tend to raise any false issues, the motion must be denied.

2. SAME—ANSWER—MOTION TO MAKE MORE DEFINITE.
    Where an answer was sufficient to show the meaning of the allegations, a motion to make it more definite and certain, by stating the different defenses separately and numbering them, must be denied.

Action by Caroline R. Steiffel and others against Charles Tolhurst and others. Motion to strike out portions of the answer as irrelevant and redundant. Motion denied.

Tracy & Lane, for the motion.

Holt & Gaillard and F. L. Eckerson, opposed.

GILDERSLEEVE, J. The motion is to strike out portions of the answers of the several defendants, as irrelevant and redundant. The rule is that, where there is a semblance of a cause of action or defense set up in a pleading, its sufficiency cannot be determined on a motion to strike it out as redundant or irrelevant. See Walter v. Fowler, 85 N. Y. 621. In the case of Park & Sons Co. v. National Wholesale Druggists' Ass'n, 30 App. Div. 510, 52 N. Y. Supp. 475, Mr. Justice Rumsey uses the following language, viz.:

"Ordinarily a person should be left free to frame his own pleadings, so far as the rules of good pleading will permit, and matter which is claimed to be irrelevant or redundant should be stricken out only when the moving party is actually aggrieved by it."

Also, in the case of Williams v. Folsom, 10 N. Y. Supp. 895, Mr. Justice Brady held that:

"The disposition of a motion to strike out portions of pleadings as irrelevant is discretionary, and such a motion should be granted only where no doubt exists of the irrelevancy charged, and where there is evidence that the retention of the matter would embarrass the opposite party in his prosecution or defense."

Again, in the action of Finger v. City of Kingston, 9 N. Y. Supp. 175, Mr. Justice Landon held that:

"The courts will not favor motions to strike out allegations of a pleading as irrelevant unless the irrelevancy is clear, and the danger of false issues something more than barely possible."

Also, in the case of Lugar v. Byrnes, 15 Civ. Proc. R. 72, 1 N. Y. Supp. 262, the late general term of this department, in a per curiam opinion, held that:

"Notwithstanding allegations of a complaint might be properly stricken out as irrelevant and redundant, an order denying a motion for that relief will not be reversed on appeal where it does not appear that harm or injustice will be done to the defendant by the retention of such allegations."

Applying these principles to the case at bar, I am inclined to the opinion that the motion should be denied. As for the other motion, to compel defendants to make their answers "more definite and certain by separately stating and numbering their separate defenses," the rule is that, if the court can see the meaning of the allegations with ordinary certainty, they are not indefinite. McDonald v. Green, 28 Misc. Rep. 56, 59 N. Y. Supp. 787. I am of opinion that the relief asked for is unnecessary, and that the motion should be denied.

Motion denied.