IRENE F. CHEW

*v.*

LILLIE V. EAGAN et al.

[Submitted October 9th, 1916.    Determined December 2d, 1916.]

1. In equity pleading "impertinence" means that which is irrelevant, "scandalous" that which offends the senses and it may also mean irrelevant if not stated in language unnecessarily offensive.

2. The averments of unchastity in the bill in this case are relevant to the primary issue, and should not be stricken out as impertinent or scandalous.

3. The peculiar office of a bill in equity defined.

On bill for relief.   On hearing on motion to strike out.

*Messrs. Ott & Carr,* for the motion.

*Messrs. Stackhouse & Kramer, contra.*

LEAMING, V. C.

Pursuant to rule 213 a motion has been made in behalf of defendant Lillie V. Eagan to strike out paragraphs 4 and 5 of complainant's bill of complaint upon the ground that the two paragraphs named are "scandalous and impertinent."

. The bill has been filed by Irene F. Chew against her husband, William F. Chew, and his alleged illicit paramour, Lillie V. Eagan, for the purpose of establishing by decree of this court that certain real estate, the legal title to which stands in the name of Lillie V. Eagan, is in fact owned by complainant's husband.   The object of the suit is to establish in complainant an inchoate right of dower as a charge against the land, and 'the bill is also in aid of a suit now pending in this court in which complainant seeks to compel her husband to contribute to her support, in which suit defendant Lillie V. Eagan is not a party.

The averments of the two paragraphs of the bill against which the motion is directed are to the effect that defendant Lillie V. Eagan and complainant's husband live together in open adultery and are known in the neighborhood where they live as husband and wife, and that Lillie V. Eagan holds herself out to the world as the wife of complainant's husband and at times assumes his name.

Exceptions and motions of this nature, based on a claim of scandal and impertinence, have become so infrequent in our equity practice that a brief review of the principles controlling the subject may be appropriate.

Impertinence, in equity pleading, signifies that which is irrelevant and which does not, in consequence, belong to the pleading.   The word does not include the idea of offending propriety.   The full significance of the word is found in the expression not pertinent.   The element of offending the senses is found in the word "scandalous."   But, as is pointed out in *1 Dan. Ch. Pl. &*

*Pr. 347, 348,* matter in an equity pleading may be *prima facie* scandalous *in the sense that* standing alone it may be said to be an allegation which is "unbecoming the dignity of the court to hear," yet, if it is not stated in language unnecessarily offensive, it is not to be regarded by the court as scandalous if it can be said to be material to the primary issue of the suit. It follows that except as to language unnecessarily offensive the words "scandalous and impertinent," as used in equity pleading, may be alike said to mean irrelevant. As the matter here objected to is not stated in an unnecessarily offensive manner, a consideration of its relevancy will fully exhaust the force of both branches of the motion.

In determining the relevancy of an averment in a bill in equity an element peculiar alone to equity pleading must be borne in mind. A bill in equity has a twofold purpose. The first is to "bring before the court and to put in issue the facts upon which the complainant's right to relief rests;" the second purpose, and the one peculiar to equity pleading, is "an examination of the defendant for the purpose of obtaining evidence to establish the complainant's case, or to counter-prove the defence which it is supposed may be set up in the answer." From this latter office the general rule is deduced that a complainant is permitted to set forth any fact, the admission of which by the defendant would go to establish the complainant's own case, or overturn that of his adversary. This is specifically stated and made the basis of decision in *Camden and Amboy Railroad Co.* v. *Stewart, 21 N. J. Eq. 484,* and again in *Dodd* v. *Wilkinson, 42 N. J. Eq. 647.* In the latter case, after referring to the effect of the peculiar office of a bill in equity to obtain evidence to establish complainant's case, our court of appeals clearly expresses approval of the rule laid down in *Howley* v. *Wolverton, 5 Paige 522,* as follows: "The complainant may therefore state any matter of evidence in the bill, or any collateral fact, the admission of which, by the defendant, may be material in establishing the general allegations of the bill, as a pleading, or in ascertaining or determining the nature and extent, or the kind of relief to which complainant may be entitled, consistently with the case made by the bill; or which may legally influence

the court in determining the question of costs. And where any allegation or statement contained may thus affect the decision of the cause, if admitted by the defendant or established by proof, it is relevant and cannot be excepted to as impertinent." It is there also pointed out that matter should not be expunged unless its irrelevancy should be especially clear. And in *Kirkpatrick* v. *Corning, 40 N. J. Eq. 241*, the same court summarizes the rule touching impertinence as follows: "It is necessary to consider whether the alleged objectionable parts of the bill have a tendency, or would be admissible in evidence to show the truth of any allegation in the bill that is material with reference to the relief sought. If so, they should stand; if not, they may be stricken out."

An application of the principles above reviewed to the present motion discloses with clearness that the motion must be denied.

The primary issue presented by the bill is whether the real estate in question belongs to complainant's husband or to defendant Lillie V. Eagan. Paragraphs 2, 3, 8 and 9 of the bill allege that complainant's husband has deserted her and neglects and refuses to support her except as required by orders of court, and that defendant Lillie V. Eagan is without means and has no source of income except that received from complainant's husband, and that the real estate in question was purchased and paid for by complainant's husband and the title taken by him in the name of defendant Lillie V. Eagan to defraud complainant of her rights as a wife, and that the two defendants have thus conspired together to defraud complainant in the manner stated. It must, accordingly, be ascertained in this suit whether a secret trust for the unlawful purpose stated in the bill exists between these two defendants touching the land in question. A solution of this primary issue tendered by the bill necessarily involves an exhaustive inquiry touching the existing relations between these two defendants. If it be true that complainant's husband, while deserting complainant and resisting her claims to his support, has maintained the criminal relations with defendant Lillie V. Eagan stated in the two paragraphs of the bill against which the present motion is made, that latter cir-

cumstance will obviously aid in a material degree the inquiry whether real estate the title to which has been taken in the name of this impecunious and illicit paramour of complainant's husband during the period of their illicit relations belongs to her or to him. This necessarily renders the averments relevant.

I will advise an order overruling the motion to strike out, with costs.