# SUPREME COURT.

Wm. H. Adams agt. Mary K. Holley, Administratrix, &c.

*It seems,* the old *common money counts* are still good—" for money had and received by the said intestate to the use of the plaintiff"—"for money paid, laid out and expended by the plaintiff for the said intestate, and at his request"—" for money lent and advanced by the plaintiff to the said intestate, and at his request." (*See Allen* agt. *Patterson,* 3 *Seld.* 476.)

A plaintiff may include any number of items in one count, or statement of a cause of action. (*Code,* § 158.) But this right, where the action is for a *legal* remedy, in distinction from equitable relief, should be confined to cases where the items accrued to him in his own right, as distinguished from such as came to him by assignment under the Code, and for which, before the Code, he could not sustain an action in his own name.

And where all such items are intended to be embraced in one action, they should be stated in separate counts—that is, in classes—so that one count should embrace those items which accrued to him individually or in his own right, and another those that have been assigned to him; and, where assigned by different persons, there should be a count for each of such classes.

A statement of a cause of action for an accounting in relation to the payment and receiving of moneys, and to other matters and transactions respecting the purchase by the plaintiff and others of a farm of land, and the sale in parcels of the whole, or portions of the same, the plaintiff alleging he had become the owner of all the rights and interests of the others, constitutes but one cause of action, which (although connected with others for a legal remedy) must be considered an *equitable* cause of action. And such a statement of a cause of action will be required to be made definite and certain, especially in reference to the allegation of the plaintiff's title to the rights and interests of the other proprietors of the farm. The allegation that he is the owner, &c., is only a legal conclusion: he should state some issuable fact by which it would appear that he was the owner.

*Cayuga Special Term, Nov.,* 1854.

Motion for an order to strike out the 14th count, or statement of cause of action in the complaint, on the ground that it contains several causes of action not separately stated; and if not struck out, to have the same made definite and certain by amendment, stating in what respect. Also, that the 11th, 12th, and 13th counts or causes of action be made definite and certain, &c.

Adams agt. Holley, adm'x.

The 11th, 12th, 13th and 14th counts of the complaint are as follows:—

"11th *cause of action.* The plaintiff alleges that the said intestate, at the time of his death was indebted to the plaintiff in the sum of six thousand dollars, for money had and received by the said intestate to the use of the plaintiff, and that no part thereof has been paid to the plaintiff.

"12th *cause of action.* The plaintiff alleges that the said intestate, at the time of his death, was indebted to the plaintiff in the sum of six thousand dollars, for money paid, laid out and expended by the plaintiff for the said intestate, and at his request, and that no part thereof has been paid to the plaintiff.

"13th *cause of action.* The plaintiff alleges that the said intestate, at the time of his death, was indebted to the plaintiff in the sum of six thousand dollars, for money lent and advanced by the plaintiff to the said intestate at his request; and that no part thereof has been paid to the plaintiff.

"14th *cause of action.* And the plaintiff further alleges, that during the lifetime of the said John M. Holley, deceased, to wit, from the first day of January, 1826, to the time of the death of the said John M. Holley, this plaintiff and the said John M. Holley were, at sundry times during the said time, jointly interested, and joint owners and tenants in common, with Augustine H. Lawrence, Myron Holley and Abraham L. Beaumont, now deceased, and Samuel Hecox and Nelson Stafford, in certain lands and real estate, situated in Lyons, county of Wayne, and state of New-York, and known as the Riggs' farm property, which lands were, to a large amount during the said time, sold out in parcels and village lots, by the proprietors thereof; and were so joint owners of divers bonds, mortgages, and contracts for the payment of money arising out of sales of said land and real estate: that divers sums of money were received for sales of the said lands and real estate, and for the rents thereof, by the said John M. Holley in his lifetime, which were the moneys of all the proprietors of said lands, and to be accounted for to all the said proprietors by the said John M. Holley: that the other said proprietors also received divers sums of money for the said

Adams agt. Holley, adm'x.

·lands and real estate, and for the rents thereof, which were the moneys of all the said proprietors of said lands, and to be accounted for to all the said proprietors of said lands : that the plaintiff, during the time, paid, laid out and expended large sums of money, that were due for the purchase of the said lands and real estate, and that were due for improvements upon the said lands, and for articles of personal property purchased for the use of said land and real estate, and for the benefit of all the said proprietors, and by the said proprietors at the time of such purchase and expenditure; which said moneys, so paid out and expended by the plaintiff for the said John M. Holley and other said proprietors, were to be accounted for by them, and paid to the plaintiff in just proportions, according to the rights and liabilities of all the said proprietors respectively, upon an accounting and settlement of the affairs of said Riggs' farm property among the said proprietors ; and the plaintiff alleges that the said John M. Holley, during his lifetime, became and was, and was at the time of his death, largely indebted to the plaintiff by reason of the said receipts of money by the said John M. Holley, in his lifetime, and by reason of the said payments and expenditures by the plaintiff, as above stated ; and the plaintiff alleges that no accounting or settlement of the accounts among the said proprietors was made before the death of the said John M. Holley.    And he alleges that no accounting or settlement of the said accounts was ever had or made between the plaintiff and the said John M. Holley, nor between the plaintiff and the said defendant as administratrix aforesaid ; and that the said defendant, as administratrix as aforesaid, is still largely indebted to the plaintiff on account of the said receipts by the said John M. Holley in his lifetime ; and on account of the said payments, by the plaintiff, for the said John M. Holley and the said proprietors of the said lands and real estate, to wit, in the sum of six thousand dollars."

WILLIAM CLARK, *for defendant.*
F. E. CORNWELL, *for plaintiff.*

WELLES, Justice.   The objection to the 11th, 12th and 13th counts, I think, are disposed of by the case of *Allen* agt. *Patterson*, (3 *Seld. R.* 476.)   The motion in regard to those counts is denied.

In regard to the 14th count:—A plaintiff may include any number of items in one count or statement of a cause of action. (*Code*, § 158.)   But this right, where the action is for a legal remedy in distinction from equitable relief, I think, should be confined to cases where the items accrued to him in his own right, as distinguished from such as came to him by assignment under the Code, and for which, before the Code, he could not sustain an action in his own name.   If he desires to embrace them all in one action, he should state them in separate counts— that is, in classes—so that one count should embrace those items which accrued to him individually, or in his own right, and another, those that have been assigned to him; and, in case he wishes to include causes of action assigned to him by different persons, there should be a count for each of such classes.   This is necessary to prevent confusion, and to enable the defendant to answer understandingly the different charges and allegations of the plaintiff.

But the 14th statement of a cause of action in this case may, and I think should, be regarded in the light of an equitable action; and the objection that it contains several causes of action, not separately stated, should not prevail.   It contains a case for one accounting in relation to the payment and receiving of moneys, and to other matters and transactions, respecting the purchase by the plaintiff, the intestate, and others, of the Riggs' farm, and the sale, in parcels, of the whole, or portions of the same.   It is, in fact, but one cause of action.

All the allegations embraced in the count under consideration relate to the enterprise of parties referred to of the purchase and sale of this farm, and, I think, should be disposed of in one accounting.   I am satisfied that, under the former practice in the court of chancery, the objection to this cause of action, of multifariousness, would not have been sustained.

But there is another objection to the count in question, which

I do not see but must prevail.   It is that of vagueness and un-certainty.

The plaintiff, to show his right to call the representative of Holley *alone* to account, alleges that, before and since the death of Holley, &c., the plaintiff became and was the owner of all the interests, rights and claims of all the other proprietors in and upon the said bonds and mortgages, and contracts for the payment of moneys for the said lands, and the owner of all ac-counts of the other said proprietors for money received by Hol-ley on account of the said lands and real estate, and that the moneys due from said Holley, at the time of his death, to all the said proprietors, became, and were, and still are, the prop-erty of the plaintiff, &c.   Here is no fact alleged showing the plaintiff's title to the rights and interests of "other proprie-tors," of which he claims to be the owner.

The defendant has the right to be informed how and when the plaintiff became the owner of the rights and interests of the respective proprietors.   The plaintiff only alleges that he is the owner, &c., which is only a legal conclusion.   He should state some issuable fact, by which it would appear that he was the owner.   Such, for example, as that the interests had been assigned to him.

The other objections of uncertainty, I think, may be reached by a bill of particulars, or the practice which formerly pre-vailed in the master's office of bringing in accounts, and of charges and surcharges, which should still prevail before a referee.

An order may be entered, that the plaintiff make his com-plaint more certain by amendment, according to the views herein expressed, and that such amendment be served in twenty days after notice of such order; or, in default thereof, that the 14th count, or statement of cause of action, be stricken out.   No costs of the motion to be allowed to either party.