BOWERY NATIONAL BANK, Respondent, *v.* ABRAM DURYEE, Appellant.

To sustain an order of arrest in a civil action under the provisions of the New Code in reference thereto, it is not essential that the cause of arrest should appear, in every case, in the complaint itself.

Section 558 simply requires the order to be vacated, on motion, when the complaint shows affirmatively that the case is not one of those mentioned in sections 549 and 550.

Where the action is one of those mentioned in section 550 where the cause of arrest may be *dehors* the cause of action, and the complaint states simply the cause of action, without alleging facts to authorize the order of arrest, it does not thereby show affirmatively that the case is not one of those mentioned in said sections; but shows that it may be one of those specified in setion 550.

(Argued September 24, 1878; decided October 1, 1878.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, reversing an order of Special Term, which vacated an order of arrest granted herein.

The cause of action, as set forth in the complaint, was for money loaned.

The order of arrest was issued upon affidavits alleging fraud in procuring the loan.

The Special Term vacated the order, on the ground that the extrinsic facts alleged in the affidavits were not set forth in the complaint.

*William M. Ivins,* for appellant. When a complainant fails to show in his complaint that his case is one of those mentioned in sections 549 and 550 of the New Code, an order of arrest already granted must be vacated. (New Code, §§ 549, 550; *McGovern* v. *Payn,* 32 Barb., 83.)

*Abraham Kling,* for respondent.

HAND, J. The appellant insists that the New Code has effected a great change in the law of arrest in civil actions and that under the five hundred and fifty-eighth section an order of arrest must be vacated, unless the cause of arrest appears in every case in the complaint itself. The grounds for this claim were very fully and ingeniously presented to us by the counsel for the defendant, but after full consideration I am unable to adopt such a construction of the statute. I think the court below were right and that its order must be affirmed. .

It is urged that the intention of the Legislature was to do away with the alleged anomaly previously existing of compelling defendants to litigate a question involving their personal liberty without a jury, before the court, and upon affidavits, while entitled to jury trial upon the much less important questions of liability under contracts to pay money and the like. That it was intended by the section under consideration to require the plaintiff to insert in the complaint not only his cause of action, but a statement of the facts upon which he relies to entitle him to arrest the defendant, although extrinsic to the cause of action, and thus to give the defend-

ant the opportunity to take issue upon them alone, and have the verdict of a jury thereon. In an action for money loaned, as in the present case, where such loan and the non-pay-- ment thereof is the sole cause of action, but the plaintiff has procured an order of arrest, upon affidavits showing fraudu- lent representations of the defendant as to his circumstances at the time of contracting the loan, the contention of the appellant necessarily goes the length, that the complaint must set out these fraudulent representations, and the defendant admitting the cause of action, may take issue upon the falsity of the representations alone and have a jury trial on such issue.

It is impossible to believe that so sweeping a revolution in the method of pleading in and conducting the trial of actions upon contract, would be introduced without more specific and unmistakable language in the statute. In fact there is no provision for such trials or for the proper judgments to be entered upon verdicts therein ; or for such interpolations in the pleadings.

The latter clause of the section (Code, § 558) provides that "at any time after the filing and service of the complaint the order of arrest must be vacated on motion, if the com- plaint shows that the case is not one of those mentioned in sections 549, 550 of this act." Section 549 enumerates cases where the right to arrest depends upon the nature of the action and section 550 those where the cause of arrest may be extrinsic and *dehors* the cause of action.

It was held by the Special Term that the complaint in the present case shows affirmatively that the case was not one of those mentioned in sections 549, 550, inasmuch as it alleged a simple breach of contract to pay a loan for which neither section authorized an arrest. The able counsel for the appel- lant however, as I understand him, rather insists that the order of arrest must be vacated when the complaint (as in this case) *fails* to show affirmatively that the case *is* one of those mentioned in these sections and construes the language of sec- tion 558 as if its last clause read : "if the complaint does *not* show that the case *is* one of those mentioned in sections

549, 550." It seems to us that the only proper interpretation of the words is that the order is to be vacated when the complaint shows affirmatively that the case is not one of those mentioned in the two specified sections. And where the action is one of those mentioned in section 550, and the complaint contains only a statement of the cause of action and not the extrinsic facts set forth in the affidavits for the order of arrest, it does not thereby show affirmatively that the case is not one of those mentioned in sections 549 and 550. On the contrary, it shows that it *may be* one of those mentioned in the latter section. It cannot be justly said that this interpretation necessarily confines the operation of section 558 to actions under section 549 and makes its reference to section 550 wholly without effect; for in many actions under the latter, for money received for instance, the statement of the cause of action itself might show that the money was *not* received in a fiduciary capacity, or by fraud.

But an insuperable objection to the view of this section urged by the appellant is that many of the causes of arrest mentioned in section 550 may come into existence after the complaint is served and the cause at issue and the plaintiff be entitled to an order of arrest thereon, although his complaint was framed before they arose. To this, the answer suggested is that by a change of the Code as to supplemental pleading, it is made imperative upon the court to permit a supplemental complaint to be filed in a proper case, and thus this contingency is provided for. (Code, § 544). But this court has held that the change in the phraseology of this section has not changed the law as to allowing supplemental complaints; and if this were otherwise, we cannot accede to the proposition that, the statute plainly and expressly authorizing an order of arrest upon affidavit for matters occurring after issue joined, by implication merely the power to grant such order depends upon the plaintiff's procuring upon notice leave to serve and serving a supplemental complaint setting up such new matters.

There is no clause in the statute permitting the insertion

of such extraneous matter in a pleading whether original or supplemental. The New Code as well as the Old confines the complaint to a " plain and concise statement of the facts *constituting the cause of action* " (Code, § 481), and there is no propriety in inserting in the supplemental complaint any new allegations other than those material to the *cause* of action.

The order of the General Term must be affirmed, with costs.

All concur, except C<small>HURCH</small>, Ch. J., not voting ; M<small>ILLER</small> and E<small>ARL</small>, JJ., absent.

Order affirmed.