ASCHER HECHT, RESPONDENT, v. SILVAIN LEVY, APPELLANT.

*Arrest for fraud in contracting a debt — the facts establishing the fraud must be alleged in the complaint — Code of Civil Procedure, §§ 549, 550, 557 and 558, as amended by chap. 542 of 1879.*

Under sections 549, 550, 557 and 558 of the Code of Civil Procedure, as amended by chapter 542 of 1879, in order to subject a defendant in an action upon contract, express or implied, to arrest for fraud in contracting or incurring the liability sought to be enforced, the facts showing such fraud on his part must be alleged in the complaint.

The validity of an order of arrest is to be determined by the law existing at the time of the arrest of the defendant thereunder, and not by that existing at the time the order was issued.

APPEAL from an order of the Special Term denying a motion to vacate an order of arrest, which motion was founded upon the papers on which the order was granted.

The defendant in this action was arrested on the 20th day of September, 1879, pursuant to an order of arrest granted by Hon. CHARLES DONOHUE, on September 19, 1877. The order accompanying the summons and complaint was, in September, 1877, delivered to the sheriff of the city and county of New York, for service. The defendant could not be found, having absented himself from this State, and the order of arrest was not executed until his return to this State, some time in September, 1879.

The order of arrest was founded upon the plaintiff's affidavit, the complaint being in assumpsit for goods sold.

*Melville H. Regensburger*, for the appellant.

*Morris Goodhart*, for the respondent.

BARRETT, J. :

The amendments of 1879 of sections 549, 550, 557 and 558 of the New Code were undoubtedly in view of the decision in the *Bowery National Bank* v. *Duryee* (74 N. Y., 491). It is now quite clear, under these amendments, that where the defendant has been guilty of fraud in contracting or incurring a liability, it must be so alleged in the complaint, and if not so alleged, the order of arrest must be vacated. These amendments were in full force when the action was commenced and the plaintiff should have been governed thereby. It is true that he obtained his order of arrest long before the passage of the amendments, but the defendant's rights cannot be affected by that incident. Those rights depend upon the legal *status* when the hand of the law was laid upon him.

Further, the affidavit is entirely defective. The demand is a stale one, accounted for, it is true, by the absence of the defendant. The goods were sold as far back as 1869, and the plaintiff says he then "*learned*" of the falsity of the representations. His informant's name is not given, nor any reason why an affidavit was not procured. The statement that the defendant was insolvent, and knew himself to be insolvent, would have been well

enough in a complaint. It is an averment of fact, unsupported by evidence, and in the present connection has reference plainly to what the plaintiff had "learned."

The order appealed from must be reversed, with ten dollars costs and disbursements, and the motion to vacate granted, with ten dollars costs.

Davis, P. J., and Brady, J., concurred.

Order reversed, with ten dollars costs and disbursements; motion granted, with ten dollars costs.