### OISHEI v. CRAVEN.

(Superior Court of Buffalo, General Term. January 15, 1895.)

1. NEGOTIABLE INSTRUMENTS—ACTIONS ON—AVERMENT OF TITLE.
    An allegation that the note sued on was assigned, transferred, delivered, and indorsed to plaintiff is a sufficient allegation that it was transferred to plaintiff by the owner.

2. SAME—STATEMENT OF ACCOUNT DUE.
    Where a complaint alleges that the note sued on is due, that no part of it has been paid, and that it has been protested, whereby plaintiff is damaged to a certain amount, for which judgment is demanded, it is sufficient, though it does not state specifically that there is due to plaintiff on the note a certain sum, as required by Code Civ. Proc. § 534.

3. SAME—ASSIGNMENT OF CONSIDERATION.
    An assignment of a promissory note is valid as against the maker, though without consideration.

Action by Achille J. Oishei against James B. Craven. Defendant demurs to the complaint on the ground that it does not state facts sufficient to constitute a cause of action. Overruled.

Argued before TITUS, C. J., and WHITE and HATCH, JJ.

Charles Oishei, for plaintiff.
C. S. Crosser, for defendant.

HATCH, J. The pleading is upon a promissory note, and is in attempted compliance with section 534, Code. It first alleges that on a given date defendant, for value, made and delivered his promissory note to one Vendello. It then sets out the note:

"Buffalo, N. Y., December 29, 1893.
"Six months after date I promise to pay to the order of M. Vendello three hundred and thirty-one ($331.02) dollars and two cents, at Third National Bank, Buffalo, N. Y. Value received.    J. B. Craven."

Second. Alleges that on or about the 20th day of February, 1894, said note was "assigned, transferred, delivered, and indorsed" to the plaintiff. Third. That no part of the said note, which is due, has been paid; that on the 2d day of July, 1894, it was protested for non-payment,—"all to the damage of the plaintiff in the sum of $332.23," and interest from said 2d of July. Then demands judgment for the last-mentioned sum, with interest and costs.

The first objection is that it is not alleged that the owner ever transferred the note to plaintiff. But it is alleged that the note was

assigned, transferred, delivered, and indorsed to the plaintiff. This allegation creates the presumption that the note was lawfully delivered, and that plaintiff has title. In Prindle v. Caruthers, 15 N. Y. 431, the allegation was that the contract became plaintiff's property by purchase, and the court say: "The allegation cannot be true, unless he purchased of the parties having the lawful right to dispose. The whole matter will be capable of litigation on the trial." Legally, this note could not be assigned and delivered to plaintiff except by one having right and title so to do. But it is not necessary to allege this; it is sufficient to aver the fact of assignment and delivery. So in Hays v. Hathorn, 74 N. Y. 491, it is said: "The production of the paper by him was prima facie evidence that it had been delivered to him by the payee, and that he had title to it." These are cases upon which defendant relies. But this doctrine supports the allegation of the complaint. It is not necessary to allege consideration for the assignment, for, if it be the fact that it is assigned, it is of no consequence whether it be for value or not. Certainly the maker cannot complain. It is said that the complaint does not allege the facts required by section 534 of the Code, in that it fails to state that there is due the plaintiff on this note the sum named therein, or any other sum. This is true, but it does not follow that the complaint is bad for that reason. It does allege that the note is due, and that no part of it has been paid; that it has been protested,—all of which has damaged the plaintiff $332.23, for which sum and interest judgment is demanded. We have no difficulty in spelling out of this allegation that defendant has made default in payment of his note, or any part of it, and that he is now owing thereon, and that plaintiff is entitled to the sum due. It does not comply with section 534, Code, because it does not state in place of "to the damage," etc., "that there is due to plaintiff thereon." But it does, imperfectly and poorly, yet sufficiently, comply with section 481, in that it does, coupled with the other allegations, state a cause of action. Smith v. Fellows, 26 Hun, 384; Vogle v. Kirby, 4 N. Y. Supp. 99; Keteltas v. Myers, 19 N. Y. 231; Sanders v. Soutter, 126 N. Y. 193, 27 N. E. 263. Judgment should be ordered for plaintiff on the demurrer, with costs, with leave to defendant to answer in 20 days on payment of costs. All concur.