Henry W. Hardon, as Assignee, etc., of Thomas W. Robertson, for the Benefit of Creditors, Respondent, v. The Ongley Electric Company, Appellant.

*Demurrer—facts which appear in the pleading alone considered— two violations of· a contract do not constitute two causes of action.*

In an action brought to recover the amount due upon a promissory note, the complaint alleged that, by a written contract entered into between the parties to the note on the day of its date, it was agreed "that in case default should be made in the payment of the said principal sum above mentioned or in the payment of the interest thereon, or in case the said defendant should at any time before the day of payment therein provided for, to wit, November 4, 1894, permit or suffer any attachment or other process against property to be issued against it * * * then the said principal sum above mentioned should become instantly due and payable."

It further alleged that the interest on the note which became due May 1, 1893, November 1, 1893, and May 1, 1894, had not been paid, and that on March 21, 1893, an attachment was issued out of the Supreme Court of the State of New York, in an action brought against the defendant, under which the defendant's property had been seized, and then remained subject to the lien of the attachment.

The defendant demurred to the complaint on the grounds: *First*, that there was another action pending between the same parties for the same cause; *second*, that the complaint did not state facts sufficient to constitute a cause of action; *third*, that causes of action had been improperly united in a single count, one cause of action claiming the principal of the note sued upon to be due because of the issuance of an attachment against the property of the defendant, and the

second cause of action claiming the principal of the note to be due because of a default in the payment of interest.

*Held,* the first ground of demurrer was not well taken, as it did not appear on the face of the complaint that another action was pending between the same parties.

In support of the second ground of demurrer it was urged that the covenants in respect to the non-payment of interest and the suffering of an attachment to be issued were contained in a chattel mortgage given as collateral security to the note, and that they simply gave the plaintiff the right to foreclose the mortgage but not to sue on the note.

*Held,* that as it did not appear that such covenants were contained in a chattel mortgage, there being no. allusion to a chattel mortgage in the complaint, the facts upon which the argument was founded were not in the record;

That the third ground of demurrer was not well taken as there was but a single cause of action stated in the complaint, which was on the note; that the fact that it had become due by reason of two defaults, non-payment of the interest and the suffering of an attachment to be issued, did not constitute two causes of action;

That the interlocutory judgment overruling the defendant's demurrer should be affirmed.

APPEAL by the defendant, The Ongley Electric Company, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 22d day of May, 1895, upon the decision of the court rendered at the New York Special Term overruling the defendant's demurrer to the plaintiff's complaint.

*Rufus W. Peckham, Jr.,* for the appellant.

*Treadwell Cleveland,* for the respondent.

PER CURIAM:

This action was begun October 8, 1894, to recover the amount of a promissory note, of which the following is a copy :

"$22,783$\frac{33}{100}$.    NEW YORK, *November 1st,* 1892.

" Two years after date we promise to pay to the order of Thomas W. Robertson twenty-two thousand seven hundred and eighty-three $\frac{33}{100}$ dollars, at No. 1 Broadway, New York City.

" Value received.    THE ONGLEY ELECTRIC CO.,
" No.                              By GEO. B. HOPKINS,
with interest at 5%                     *Vice-President.*
payable semi-annually.

" Due Nov. 4th, 1894."

It is alleged that by a written contract entered into between the parties to the note on the day of its date it was agreed ". that in case default should be made in the payment of the said principal sum above mentioned or in the payment of the interest thereon, or in case the said defendant should at any time before the day of payment therein provided for, to wit, November 4, 1894, permit or suffer any attachment or other process against property to be issued against it * * * then the said principal sum above mentioned should become instantly due and payable."

It is further alleged that the interest on the note which became due May 1, 1893, November 1, 1893, and May 1, 1894, has not been paid, and that on March 21, 1893, an attachment was issued out of the Supreme Court of this State in an action brought by John F. Wiechers against the defendant, under which the defendant's property has been seized and now remains subject to the lien of the attachment.

The defendant demurs on the following grounds :

I. That there is another action pending between the same parties for the same cause.

II. That the complaint does not state facts sufficient to constitute a cause of action.

III. That causes of action have been improperly united in a single count, one cause claiming the principal of the note sued upon to be due because of the issuance of an attachment against the property of the defendant, and the second cause of action claiming the principal of the note to be due because of a default in the payment of interest.

In respect to the first ground of demurrer it is only necessary to say that it does not appear on the face of the complaint that another action is pending between the parties for the same cause of action. The third ground of demurrer is not well taken. There is but a single cause of action stated in the complaint, which is on the note; and the fact that it has become due by reason of two defaults, the non-payment of interest and the suffering of an attachment, does not constitute two causes of action. The principal of bonds and mortgages often becomes due by breach of covenants to pay interest and to insure, and it has never before, we think, been argued that an action to foreclose the mortgage or to recover on the bond, in which a

breach of both covenants is set forth, improperly joins two independent causes of action.

The learned counsel for the demurrant, in support of the second ground of demurrer, urges that the covenants in respect to the nonpayment of interest and the suffering of an attachment are contained in a chattel mortgage given as collateral to the note, and that they simply give the plaintiff the right to foreclose the mortgage, but not to sue on the note. The answer to this is, that it does not appear that these covenants are contained in a chattel mortgage. There is no allusion to a chattel mortgage in the complaint, and the facts upon which the appellant founds his argument are not in the record.

The judgment should be affirmed, with costs, with leave to defendant to answer upon payment of costs.

Present — Van Brunt, P. J., O'Brien and Follett, JJ.

Judgment affirmed, with costs, with leave to defendant to answer upon payment of costs.