dollars, which so many knew all about. While the handkerchief lay on the table, 20 persons, at least, were in the front room, against any one of whom the charge of taking the bills was equally strong, or, to speak of it more accurately, equally weak. We think, too, that the relator is supported not only by other evidence, but the probabilities in his version that it was the presence of the wife in hysterics that led him to deposit the handkerchief on the table, and run to her assistance, and that caused the delay in reporting the articles to the sergeant at the desk. There is no suggestion of any other reason, and yet it does appear that in passing from the back room to the front with the handkerchief something occurred to cause the relator to place the handkerchief on the table, and intercept his reporting to the sergeant at the desk. We think we have sufficiently pointed out that, as relator was not charged or tried for theft, but only with having failed to report at once to the desk, which failure resulted in the loss of the six dollars, this failure was satisfactorily explained by a clear preponderance of the evidence and the probabilities, and it was error on such a charge, as so explained, to dismiss relator from the force.

The action of the commissioners should be accordingly reversed, with costs, and the relator restored to his position. All concur.

---

## LYNCH v. SECOND AVE. R. CO.

(Supreme Court, Appellate Division, First Department. June 29, 1896.)

PLEADING—MOTION TO STRIKE OUT—IRRELEVANT ALLEGATIONS.

In an action to recover for the death of plaintiff's intestate, who fell from defendant's street car, allegations of the complaint that intestate got on the front platform of the car, that he was thrown off said platform, and that defendant had a regulation that passengers who were smoking must remain on the front platform of its cars, are not so irrelevant that they will be stricken out on motion, though it was not alleged that intestate was smoking at the time.

Appeal from special term, New York county.

Action by Susanna Lynch, as administratrix of Patrick Lynch, deceased, against the Second Avenue Railroad Company, to recover damages for the death of plaintiff's intestate. From an order striking out as irrelevant certain portions of the amended complaint, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Sumner B. Stiles, for appellant.
Henry Martyn Baird, Jr., for respondent.

O'BRIEN, J. The portions stricken out of the amended complaint. consisted, in substance, of an allegation in paragraph "third" that "the plaintiff's intestate boarded and got upon the front platform of one of the defendant's street cars," and the further allegation that the plaintiff's intestate was thrown "off and from the said platform

of said car." Also the whole of paragraph "fourth," which was as follows:

"Fourth. Upon information and belief that at all the times herein mentioned the defendant company had a rule, regulation, and custom whereby its agents and servants directed and permitted passengers that were smoking to stand upon the front platform of its closed cars, and that smoking elsewhere upon its said closed street cars was and is prohibited."

In disposing of this appeal the settled rules of pleading may be briefly referred to. A pleading may state facts as they actually exist or according to their legal effect. "In most cases either mode of pleading, at the option of the party, is correct." Bennett v. Judson, 21 N. Y. 238; Farron v. Sherwood, 17 N. Y. 227; Barney v. Worthington, 37 N. Y. 112. That the plaintiff's intestate "boarded and got upon the front platform of one of the defendant's street cars," or that he was thrown "from the said platform of said car," are not irrelevant statements, but allegations of the actual facts. It will frequently happen that where a pleading alleges the facts according to their legal effect the opposite party, to obtain knowledge as to the proof which he is obliged to meet on the trial, and thus avoid being surprised, is obliged to move either for a bill of particulars or to make the complaint more definite and certain. See cases cited above. As the getting on and riding upon the front platform might, upon proof that it was contrary to the rules of the road, which, under the general railroad law, would relieve the defendant from liability, render it necessary to furnish a reason or excuse for the conduct of plaintiff's intestate, this is what plaintiff attempted to do by pleading, in the fourth paragraph of the complaint, that the defendant had a rule which "permitted passengers that were smoking to stand upon the front platform of its closed cars." It may well be that the failure to connect plaintiff's intestate with this allegation by stating that he was smoking, etc., or the failure to prove such facts, may prevent defendant's rule being available as an excuse, but this is quite different from concluding that it is so irrelevant as to justify its being stricken out. And though it may be unnecessary to allege in a complaint what it is essentially necessary to prove upon the trial, that plaintiff's intestate was free from contributory negligence (Hackford v. Railroad Co., 6 Lans. 381, affirmed 53 N. Y. 654; Lee v. Gas Light Co., 98 N. Y. 115), still it is not improper to plead or allege that fact. We do not mean to pass upon the effect or sufficiency of the allegation; our purpose being to show that the paragraph is germane to the subject of the action, and may be a link in the chain of proof, and therefore matter proper to be given in evidence. It has been held that a motion to strike out alleged irrelevant matter should be granted "with reluctance and caution," and "only where no doubt exists of the irrelevancy charged. * * * There is still another rule, * * * and that is, there must be some evidence that the retention of the allegations would embarrass the defendants in their defense; something shown establishing harm or injustice." Williams v. Folsom, 57 Hun, 128, 10 N. Y. Supp. 895; Town of Dunkirk v. Lake Shore & M. S. Ry. Co. (Sup.) 27 N. Y. Supp. 105.

We think that the order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.