McKEE et al. v. JESSUP et al.

(Supreme Court, Appellate Division, First Department. June 7, 1901.)

PLEADING—COMPLAINT—ALLEGATION OF FACT—PLEADING ACCORDING TO LEGAL EFFECT.

    A complaint which alleged that certain parties were partners, and were the owners and assignees of a judgment and entitled to collect the same, merely pleaded the facts according to their legal effect, and was not demurrable because alleging legal conclusions.

Appeal from special term, New York county.

Action by Russell W. McKee and others against John C. Jessup ·and others. From an interlocutory judgment sustaining the demurrer of defendant Jessup to the amended complaint, plaintiffs .appeal. Reversed.

Argued before HATCH, McLAUGHLIN, PATTERSON, INGRA- HAM, and LAUGHLIN, JJ.

    G. S. P. Stillman, for appellants.
    Clifton P. Williamson, for respondent.

    LAUGHLIN, J. The demurrer is interposed upon the ground ·that the complaint does not state facts sufficient to constitute a ·cause of action. The action is brought under section 1946 of the ·Code of Civil Procedure. The complaint alleges that the defend- .ants, as co-partners under the firm name of John C. Jessup & Co., were indebted to the firm of Bruce & Cook in the year 1884 on three promissory notes; that on the 10th day of September, 1891, an action was brought by the firm of Bruce & Cook against defendants upon the notes, and subsequently a judgment was recovered therein ·against defendant Eakins, his co-partner, Jessup, ·not having been served; that Eakins had been released and discharged from individual liability upon the judgment upon payment of about one-third of the indebtedness of the firm; that the firm and the defendant ·Jessup still owe on account of said notes and judgment the sum of $887.88; that, at the time of giving the notes and recovering the judgment, the firm of Bruce & Cook consisted of five members, two

of whom have since died; that three of the plaintiffs in this action constituted the surviving members of the original firm of Bruce &. Cook; and that they and the other two plaintiffs are now co-partners in business, and comprise the present firm of Bruce & Cook. The fifth subdivision of the complaint, to which the demurrer is directed, contains the following allegation:

"Fifth. That the said firm of Bruce & Cook, as now constituted, and composed of the plaintiffs in this action, as above mentioned, and including the said three co-partners, plaintiffs in the former action, are owners, successors to, and assignees of the said judgment claim and the business and assets of the said firm as formerly constituted, and, as such original and continuing partners, successors, and assignees, are the owners of and entitled to collect the said judgment and indebtedness unpaid thereon and represented thereby."

It is contended that these are allegations of legal conclusions, and not of facts. The allegations that the two plaintiffs in this action, who were not plaintiffs in the former action, are now co-partners with the survivors of the former firm, and constitute the present firm of Bruce & Cook, are sufficient to authorize proof to establish that plaintiffs are now co-partners and successors to the former firm. These facts are pleaded according to their legal effect, which may be done, at the option of the pleader, instead of averring the facts as they actually exist. New York News Pub. Co. v. National S. S. Co., 148 N. Y. 39, 42 N. E. 514; Brown v. Champlin, 66 N. Y. 214; Lynch v. Railroad Co., 7 App. Div. 164, 39 N. Y. Supp. 1103; Spies v. Munroe, 35 App. Div. 527, 54 N. Y. Supp. 916; Thayer v. Gile, 42 Hun, 268. The ownership of personal property is a mixed question of law and fact. Caspar v. O'Brien, 15 Abb. Prac. (N. S.) 402; De Wolf v. Williams, 69 N. Y. 621; Laserowitsch v Reiman, 6 N. Y. St. Rep. 246. The allegation that plaintiffs are the assignees of the judgment, claim, business, and assets of the firm as formerly constituted, and, as such original and continuing partners, successors, and assignees, are the owners of and entitled to collect the judgment and indebtedness, constitutes a sufficient statement of their ownership of the claim and judgment. Bliss, Code Pl. §§ 210, 211a, 213; Prindle v. Caruthers, 15 N. Y. 425; Oishei v. Craven, 11 Misc. Rep. 139, 31 N. Y. Supp. 1021; Adams v. Holley, 12 How. Prac. 326; Allen v. Patterson, 7 N. Y. 476, 57 Am. Dec. 542; Campbell v. Heiland, 55 App. Div. 95, 66 N. Y. Supp. 1116; Oldfield v. Railroad Co., 14 N. Y. 310.

Respondent might have been entitled to have the complaint made more definite and certain by motion, but it was not subject to demurrer.

The interlocutory judgment should be reversed, with costs, and the demurrer overruled, with costs, with leave to defendant to answer upon payment of the costs of the demurrer and of this appeal within 20 days. All concur.