(50 Misc. Rep. 280.)

### DIDATO v. CONIGLIO et al.

(Supreme Court, Special Term, New York County. April, 1906.)

BILLS AND NOTES—ACTION—COMPLAINT.

A complaint alleged the execution by defendants of certain notes and demand for payment and nonpayment, setting out the instruments in full. *Held* to constitute a cause of action within Code Civ. Proc. § 481, and sufficient as against a demurrer on the ground that the instruments are not notes, and complaint fails to comply with Code Civ. Proc. § 534, in that it fails to state that there is a specified sum due defendant on said instruments.

[Ed. Note.—For cases in point, see vol. 7, Cent. Dig. Bills and Notes, § 1445.]

Action by Roserio Didato against Salvatore P. Coniglio and others. Demurrer to complaint overruled.

Edward J. Kelly, for plaintiff.
John W. Russell, for defendants.

BLANCHARD, J. The complaint sets forth certain instruments, described by the plaintiff as promissory notes, as follows:

"$1,030.00                                        New York, ———, 190—.
"——— pay to the order of Rosario Didato, one thousand and thirty dollars. Value received and charge on account ——— to 38 Stanton street.
                                        "Lansa Rosalia,
                                        "Salvatore Pampinella."

"$825.                                        New York, ———, 190—.
"——— pay to the order of Rosario Didato, eight hundred and twenty-five dollars. Value received and charge on acount of ——— to 38 Stanton street.
                                        "Rosalia Coniglio,
                                        "S. P. Coniglio,
                                                "Atty."

These instruments were executed and delivered by the defendants to the plaintiff, and as to each of them the plaintiff declares that "said note was duly presented to defendant for payment, and payment thereof was demanded of defendants, which was refused, and no part of said note has been paid." The defendant demurs on the ground that the instruments are not promissory notes, and that the complaint fails to comply with section 534 of the Code of Civil Procedure. The implication is plain from the language of the instruments above quoted that an indebtedness is due from the makers to the plaintiff, and that the makers promised on demand to pay said indebtedness. Hegeman v. Moon, 131 N. Y. 462, 30 N. E. 487; Burke v. Ashley, 12 Hun, 637. See, also, Neg. Inst. Law, § 36. In so far as the plaintiff fails to "state that there is due to him thereon from the adverse party a specified sum which he claims" by virtue of the instruments above quoted, the complaint probably fails to satisfy the requirements of section 534. Keteltas v. Myers, 19 N. Y. 231, 233; Smith v. Fellows, 26 Hun, 384; Oishei v. Craven, 11 Misc. Rep. 139, 31 N. Y. Supp. 1021. The plaintiff contends, however, that facts have been stated in the complaint sufficient to constitute a cause of action within section 481 of the Code of Civil Procedure. The allegations of the execution by the defendants

and of the delivery to the plaintiff of these instruments, and of the demand for payment by the plaintiff, and of nonpayment of. any part thereof, sufficiently show that there are due to the plaintiff, by reason of the promises stated in said instruments, and are at present unpaid, the sums mentioned in the complaint. Smith v. Fellows, supra; Oishei v. Craven, supra.

The demurrer is therefore overruled.

Demurrer overruled.