ROSENBAUM v. CITY OF NEW YORK et al.

(Supreme Court, Special Term, New York County. April 6, 1908.)

1. PLEADING—DEMURRER—ADMISSIONS BY DEMURRER.

A demurrer to a defense admits the truth of the allegations therein set forth, as well as the matter alleged in the complaint to which it refers.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 525–534.]

2. PARTNERSHIP—PARTNERSHIP REALTY—CONVERSION INTO PERSONALTY.

An intent by partners that there should be a conversion of partnership real estate into personalty for all purposes, though such real estate was conveyed to them in individual interests, can fairly be implied where the partnership purchases real estate and builds houses thereon with a view of selling the same.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Partnership, § 108.]

3. SAME.

Where a partnership dissolution agreement provided for the payment of partnership debts and for the adjustment of the rights of the partners in the partnership assets, a conversion of partnership real estate into personalty, though held in individual interests, may be regarded as having been effected, at least for such purposes.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Partnership, § 108.]

4. FRAUDS, STATUTE OF—PERSONS TO WHOM STATUTE IS AVAILABLE—ESTOPPEL TO ASSERT.

A partner is estopped to assert the invalidity, if any, under Real Property Law, Laws 1896, p. 592, c. 547, § 207, providing that an estate in real property cannot be created, granted, or declared, unless by operation of law or by a conveyance in writing, of the transfer of her interest in partnership real estate to her partner, where, if permitted to do so, it would aid her to perpetrate a fraud.

5. EMINENT DOMAIN—COMPENSATION—PERSONS ENTITLED.

The right to an award in proceedings by the city of New York to condemn land for a street is in the owner at the time title vests in the city.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 18, Eminent Domain, § 403.]

6. PLEADING—PLEADING ACCORDING TO LEGAL EFFECT.

An allegation that one "purchased" the right, title, and interest of another is sufficient, as facts may be pleaded according to their legal effect, instead of alleging the facts as they actually exist.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 30.]

Action by Kate Rosenbaum against the city of New York and others. Plaintiff demurred to a separate defense contained in the answer of the defendant Blecher. Demurrer overruled.

John H. Regan, for plaintiff.

Augustine & Hopping, for defendant Blecher.

GIEGERICH, J. The action is brought to determine who is entitled to an award made in proceedings had to acquire for street purposes the title to certain lands situate on the westerly side of St. Ann's avenue, distant 455 feet northerly from the northwesterly corner of St. Ann's avenue and 156th street, in the borough of the Bronx. The complaint alleges that the premises were conveyed by one Adolph M. Bendheim and Henrietta, his wife, to the plaintiff and one Abram or Abraham Abelman, who thereby became tenants in common, each entitled to an undivided one-half share; that condemnation proceedings were instituted by the city of New York to acquire the title thereto for street purposes; that title was vested in the city of New York, and that an award of $3,600 was erroneously made to the defendant Blecher; that the city is ready to pay said award, and would pay the same, but for the claim made by the defendants Blecher and Kobre to some interest therein or lien thereon, by reason of which claim it will not pay said award, or any part thereof, to the plaintiff, although she has duly demanded payment of the same; that on or about the 4th day of January, 1900, the said Abelman and his wife conveyed to the defendant Blecher all their right, title, and interest in the premises, it being alleged that by reason of the facts set forth the plaintiff and said defendant Blecher "became seised of, and the owners of, and tenants in common of, the said strip of land, and of the award thereafter made

for same as aforesaid, and so continued—an undivided one-half thereof still belonging to the plaintiff, and the other half to the defendant Blecher; that the said defendant Blecher wrongfully claimed and still claims to be entitled to the whole of said award, notwithstanding that his interest therein is only to the extent of one-half thereof as aforesaid."

The answer is practically a denial of the allegations of the complaint, except those relating to the conveyance of the property to the plaintiff and Abelman, the making of the award, and the conveyance by Abelman and his wife to the defendant Blecher. For a further and separate defense the defendant alleges that the said Abelman and the plaintiff were at the time of the conveyance tò them "copartners in the building business, and said premises and real estate were purchased by them as such copartners, and was copartnership property up to the time of the dissolution of the said copartnership; that said copartnership was dissolved by mutual consent on or about the 30th day of December, 1899, and said Abram Abelman purchased from said plaintiff, Kate Rosenbaum, all her right, title, and interest in and to all copartnership property, and paid her therefor the sum of $1,500"; that as a further consideration therefor the said Abelman assumed all the partnership liabilities of every kind and nature soever, and released the plaintiff of and from all claims, the plaintiff on her part agreeing that all moneys due to the firm from any person or persons whomsoever should be the sole property of Abelman and releasing him generally of all claims and demands whatsoever; and it is further alleged that no claim whatsoever was thereafter made by the plaintiff against Abelman "on account of said real property or her alleged share therein."

The plaintiff has demurred to this said further and separate defense on the ground that it is insufficient in law upon the face thereof. By demurring to such separate defense, the plaintiff admits the truth of the allegations therein set forth, as well as the matters alleged in the complaint to which it refers. Douglas v. Coonley, 156 N. Y. 521, 51 N. E. 283, 66 Am. St. Rep. 580; Schlesinger v. Burland, 42 Misc. Rep. 208, 85 N. Y. Supp. 350. For the purposes of the demurrer, the allegations of the complaint referred to in such separate defense are to be treated as incorporated in it. Cragin v. Lovell, 88 N. Y. 258; Douglas v. Coonley, supra. As I construe the defense under consideration, it alleges that the real estate for which the award was made was the property of a copartnership consisting of the plaintiff and said Abelman, and that such firm carried on the building business, meaning thereby that the firm purchased real estate and built houses thereon with a view of selling the same. If these views are correct, then there can fairly be implied an intention upon the part of the copartners that there shall be a conversion of the real estate of the firm into personal property for all purposes, although such real estate was conveyed to them in individual interests. Buckley v. Doig, 188 N. Y. 238, 80 N. E. 913. Even if the real estate was not purchased for the purpose before mentioned, nevertheless the dissolution agreement provided for the payment of partnership debts, and for the adjustment of the rights of the partners in the copartnership assets; and a conversion of the real es-

tate so held in individual interests may, under such circumstances, be regarded as having been affected, at least for such purposes. Darrow v. Calkins, 154 N. Y. 503, 49 N. E. 61, 48 L. R. A. 299, 61 Am. St. Rep. 637; Buckley v. Doig, supra; 22 Am. & Eng. Enc. Law (2d Ed.) 106–108.

In either aspect, the character of the real property of the partnership may fairly be deemed to have been changed into personalty when Abelman purchased from his copartner, the plaintiff, all her right, title, and interest in the copartnership property as above mentioned. Such interest, as heretofore shown, consisted of an undivided half of the firm's assets; but it is claimed on behalf of the plaintiff that the separate defense fails to show that such right was transferred by a deed or conveyance pursuant to the provisions of Real Property Law, Laws 1896, p. 592, c. 547, § 207, and hence that such defense is insufficient. While there might ordinarily be some force in such contention, if the legal title of the plaintiff, as distinguished from the equitable one, were sought to be passed (In re Codding [D. C.] 9 Fed. 849, and citations), the plaintiff is estopped from asserting the invalidity, if any, of the transfer of her interest to Abelman, because, if permitted to do so, it would, under the circumstances alleged in the separate defense and above set forth, aid her to perpetrate a fraud (Geneva Mineral Spring Co. v. Coursey, 45 App. Div. 268, 61 N. Y. Supp. 98; Browne on the Statute of Frauds, § 457a).

The plaintiff contends, furthermore, that since it appears from the brief of the defendant Blecher that title to the premises for which the award was made did not vest in the city until July 23, 1900, six months after the dissolution and after his alleged purchase, the property was certainly real estate, and not personalty. The right to an award in proceedings taken by the city of New York to condemn land for a street is given to the owner at the time when title vested in the city. Matter of East 135th Street, 36 Misc. Rep. 427, 73 N. Y. Supp. 727.

Section 990 of the Greater New York charter (Laws 1901, p. 419, c. 466), as it was in force when the condemnation proceedings were conducted, provided that the title to lands taken for a street shall be vested in the city, if vacant, upon the date of the filing of the oath of the commissioners of estimate and assessment, or upon a specified date thereafter, and, if there are buildings upon such lands, then upon a date not less than six months from the date of the filing of the oath. While facts not alleged in the pleadings will not be considered upon a demurrer (Ayres v. Covill, 18 Barb. 260; Cochran v. American Opera Co., 20 Abb. N. C. 114; Hardon v. Ongley Electric Co., 89 Hun, 487, 35 N. Y. Supp. 405), it sufficiently appears from the allegations respecting the condemnation proceedings that title was not vested in the city until after Abelman and his wife had conveyed to the defendant Blecher their right, title, and interest in the lands in question. Consequently the defendant Blecher by such conveyance succeeded to his grantors' rights in the award. Such right consisted, not only of Abelman's original share in the partnership property, but of his additional share acquired by purchase from the plaintiff. The damages awarded took the place of the partnership real estate in suit in respect to all the rights and interests which were dependent

upon and incident to it (Matter of Grade Crossing Commission, 64 App. Div. 71, 71 N. Y. Supp. 674); and, since the defendant Blecher acquired the entire interest of the firm by such conveyance and purchase, he is entitled to the entire award.

The plaintiff makes the further contention that the allegations of the separate defenses are defective, because the averment that Abelman "purchased" the right, title, and interest of the plaintiff is a legal conclusion, and not an allegation of fact. As facts may be pleaded according to their legal effect at the option of the pleader, instead of averring the facts as they actually exist (McKee v. Jessup, 62 App. Div. 143, 70 N. Y. Supp. 796), such allegation is sufficient (Prindle v. Caruthers, 15 N. Y. 425, 431). In the case last cited the complaint alleged that the contract in controversy became the property of the plaintiff by purchase, without stating when, from whom, or upon what consideration, and it was held that such defect was not of such a substantial nature as to be available upon a demurrer, that such allegation tendered the issues as to the matter, and that the remedy was by motion to make the complaint more definite and certain.

The plaintiff further argues that the separate defense is also defective, because it fails to state when the purchase of the plaintiff's interest was made by Abelman. As I construe the language of such separate defense, not only did the dissolution of the copartnership take place on or about the 30th day of December, 1899, but that, as a part of the transaction had on that day, the plaintiff's interest in the copartnership assets was purchased by Abelman.

My conclusion, therefore, is that the demurrer should be overruled, with costs, with leave to the plaintiff to withdraw the demurrer.